**Betty Louise SHOOK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-14800.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Edward L. Goodwin, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Betty Louise Shook, hereinafter referred to as defendant, was charged by Information in the Municipal Criminal Court of Tulsa, Oklahoma, with a violation of 21 O.S. § 1029; she was tried by the court without a jury, who found her guilty and sentenced her to 30 days imprisonment in the county jail and to pay the costs. Thereafter a timely appeal was perfected to this Court.

Briefly stated, on the evening of December 16, 1967, in response to a telephone

call from a member of the Tulsa Police Department, posing as a Bell Boy, the defendant proceeded to the Holiday Inn located in that city. There were four police officers in the room, three of whom were hiding to observe the defendant, and the fourth posed as a "client." The defendant asked what the officer posing as a client, had in mind, and he replied by asking how much it would cost. The defendant then advised him of two of the rates for performing her services, and he selected one, whereupon she began to disrobe, at which time the officers came out of hiding and she was placed under arrest.

On appeal it is urged that the defendant was entrapped into committing the offense for which she stands convicted, but under the circumstances in the instant case, we are of the opinion that this single assignment of error is without merit.

█ It is readily apparent from the record that the defendant was ready and willing to commit the crime and the officers merely presented an opportunity for her to commit the act. The officers had reason to suspect the defendant was engaged in criminal activities. An officer phoned her and simply stated that there was a client that needed a girl, and the defendant agreed to come to the motel with this simple suggestion. There was no pressure or unusual temptation placed upon her. This Court has uniformly held that officers may use trickery and decoys in order to catch a defendant in his own devices. See Syllabus 3 of McCart v. State, Okl.Cr., 435 P.2d 419, which states:

"The principle of entrapment places no limitation on the right of officers to obtain evidence of any crime originating in the mind of another; and an officer may, when acting in good faith with a view to detecting crime, make use of deception, trickery, or artifice."

See also Riddle v. State, Okl.Cr., 374 P.2d 634, and Crosbie v. State, Okl.Cr., 330 P.2d 602.

█ For the reasons above set forth, we are of the opinion that this single as-

signment of error is without merit. We are of the further opinion that the defendant had a fair and impartial trial, the evidence was properly submitted to the court, and there was ample evidence to find the defendant guilty. The judgment and sentence is therefore affirmed.

Although we have not dwelt in detail in this opinion with the issue here presented, we would like to commend Assistant Attorney General Prudence Little for the length and very excellent brief presented to this Court in this case.

BRETT, P. J., and NIX, J., concur.