John Dale ENOCH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16008.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Rehearing Denied April 6, 1972.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, John Dale Enoch, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Oklahoma, with the crime of murder, Case No. CRF–70–110. The defendant was tried before a jury which found defendant guilty of the crime of manslaughter in the first degree and fixed the pun-

ishment at sixty (60) years imprisonment. Judgment and sentence, in accordance with the jury's verdict, was imposed on April 10, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with having stabbed with a knife, Lloyd Edwards, and from which wounds Edwards died on January 16, 1970. The evidence establishes that on January 15, 1970, the defendant, together with Victoria Smith, entered the Lime Creek Bar in Oklahoma City, Oklahoma. While at the bar, the defendant approached Lloyd Edwards in an attempt to borrow a quarter. It appears that an argument ensued between Edwards and the defendant. On another occasion, during an evening at the bar, hostilities again ensued between the defendant and Edwards. Upon leaving the bar, the defendant asked Edwards if he and Mrs. Smith might have a ride. Edwards consented and the defendant and Mrs. Smith entered the car. Defendant anticipated trouble with Edwards and as a result he opened his pocket knife and kept it in his pocket.

According to Mrs. Smith, an argument quickly ensued between the defendant and Edwards and some four to six blocks from the bar the argument became more heated, and the defendant repeatedly stabbed Edwards. Afterwards, the defendant dragged Edwards out of the car into an adjoining field. Mrs. Smith testified that at no time did she see a gun, and specifically, she did not see Edwards holding a gun just before or during the time the defendant attacked him.

After contemplating the stabbing, the defendant proceeded to the Oklahoma City Police Department and advised the attending officers of the crime. The defendant accompanied the officers when they returned to the scene and pointed out the location of the car and where the body of the deceased might be found. The medical testimony established that the cause of death was four stab wounds inflicted by a sharp object. The defendant's pocket knife was introduced into evidence.

The defendant testified that as the disagreement between he and Edwards increased, Edwards pointed a gun at him and threatened to kill him. Defendant said he then slapped the gun with one hand and with the other hand pulled out his knife and stabbed Edwards. The evidence indicates that there was an unloaded single barrel shotgun in the car at the time of the incident.

It is defendant's first and primary contention that the evidence establishes a case of self-defense, which would not warrant a conviction for manslaughter, and that, therefore, it was error for the trial court to overrule defendant's demurrer.

■■■ It is true that homicide is justifiable when committed by a person when resisting any attempt by another to murder or commit a felony upon him. 21 O.S.1971, § 733. At the same time it is manslaughter in the first degree when homicide is perpetrated without a desire to effect death, in heat of passion, in a cruel and unusual manner or by means of a dangerous weapon. 21 O.S.1971, § 711. The jury was properly instructed as to the law regarding both justifiable homicide and manslaughter in the first degree. It is apparent that the evidence is conflicting, but would support a verdict of justifiable homicide or manslaughter. Accordingly, the trial court did not commit error in overruling the defendant's demurrer as the evidence was sufficient to go to the jury. Where there is conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret out the truth, and if there is competent evidence to support the jury's findings this Court will not disturb the verdict on appeal. Goodnight v. State, Okl.C., 366 P.2d 957; Ryans v. State, Okl.Cr., 392 P.2d 501.

As stated in Harris v. State, Okl.Cr., 448 P.2d 296, where the defendant claimed self-defense and suffered a manslaughter conviction:

"Where there is conflict in testimony, it is exclusive province of jury to weigh evidence and determine truth.

"Where there is competent evidence upon which jury could base their verdict, it will not be disturbed on appeal.

"It is for jury to say, under all the evidence and under proper instructions from the court upon the subject, whether appearances of danger were real or apparently real so as to justify action in self-defense."

If the jury was properly instructed as to law, and the evidence, although conflicting, would support a finding that the defendant did not act in self-defense, we are bound by the jury's determination thereon.

■ It is defendant's second contention that the punishment imposed was excessive. The punishment, upon conviction of manslaughter in the first degree, is imprisonment in the penitentiary for not less than four (4) years. 21 O.S.1971, § 715. Defendant cites no authorities for his proposition, but argues that the jury was prejudiced by the disclosure, during cross-examination of the defendant, of his prior convictions. Clearly there is no error in such disclosure on cross-examination since a defendant is subject to questioning pertaining to the matter at issue or as to his credibility. See Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438. Under the evidence we cannot say that the sentence was so excessive as to shock the conscience of the Court. Accordingly, we find no grounds for modification of the sentence.

■ It is defendant's final contention that it was error for the trial court to overrule defendant's motion to dismiss, claiming that there was insufficient evidence at the preliminary hearing to hold defendant for trial on a charge of murder. After reviewing the record we find this contention to be without merit as there was sufficient evidence for the examining magistrate to conclude that a public offense had been committed and there was reasonable cause to believe the defendant guilty thereof. 22 O.S.1971, § 264. Evidence at the preliminary examination need not be sufficient to support conviction.

Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749 (1952).

Having reviewed the contentions of the defendant and finding them without merit, we conclude that the judgment and sentence must be, and the same is hereby affirmed.

BUSSEY, P. J., and SIMS, J., concur.