Clyde Ruby JACKSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16649.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Curtis A. Parks, Public Defender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Clyde Ruby Jackson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Robbery by Force and Fear; his punishment was fixed at a term of not less than five (5) years, nor more than fifteen (15), years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Delbert Ingram, age twelve, testified that he was walking home from school in the vicinity of Woodrow and Quaker Streets in Tulsa on November 23, 1970. He was carrying a saxophone in his hands, and he was approached by two young Negro males. They started following him, the short subject in front, followed by a taller subject. The short man grabbed the saxophone from his hand, and both subjects ran toward a car. Delbert became frightened and ran home. He identified State's Exhibit One as the instrument that was taken from him. He testified that he could not identify the persons, but that one was short and one was tall, and they were both dressed in black leather coats and black trousers.

Chris Cramer testified that he was employed at the Rose Pawn Shop in Tulsa. He testified that in the afternoon on November 23, 1970, the defendant came to the pawn shop and pawned State's Exhibit One. He estimated the fair market value of the saxophone to be approximately One Hundred and Fifty Dollars, and he testified that he loaned the defendant Thirty-Five Dollars.

John Gary testified that he was a friend of the defendant, and was with him in the area of Woodrow and Quaker Streets on the day in question. They were in the defendant's automobile and observed a young boy carrying a saxophone. Gary told the defendant that he was going to take the horn. The defendant parked the car, and they both walked up to the boy. Gary snatched the saxophone and both he and the defendant ran back to the car and subsequently took the saxophone to the Rose Pawn Shop, where the defendant pawned the instrument for Thirty or

Thirty-Five Dollars, which they divided between them.

Michael Edwards testified that he observed the defendant and Gary together at approximately 3:00 o'clock in the afternoon on the day in question at a girlfriend's house. They returned again about 5:00 o'clock in the afternoon.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not sustained by sufficient evidence. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and that we do not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion, we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.