Max Bruce WOFFORD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17215.

Court of Criminal Appeals of Oklahoma.

March 1, 1972.

James I. Maxwell, Enid, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Max Bruce Wofford, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County, Oklahoma, for the offense of Sale of Marijuana, After Former Convic-

tion of a Felony; his punishment was fixed at eighteen (18) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on February 17, 1971, Gaylen Hayes, a Deputy Sheriff in Jackson County, Oklahoma, was working undercover for the Garfield County Sheriff's Office in a narcotic investigation. In the early morning hours of the 17th day of February, Hayes and two other persons that were working undercover, were driving parallel down VanBuren Street in Enid, Oklahoma, and observed a vehicle containing defendant and Mike Telinde. They parked their vehicle and all the parties had a short discussion concerning a Jim Phillips who the defendant had trouble with the prior summer. The defendant asked them what they were doing and Hayes made the statement: "I'm looking for a place to score." (Tr. 33) The defendant said "What?" and Hayes replied, "Weed." The defendant stated, "I can turn you on." Hayes inquired the price of a "lid" and the defendant replied, "$20.00." The defendant thereupon left and returned approximately fifteen minutes later and sold Hayes a "lid" for the $20.00. Defendant stated, "If you need more tonight, I will be in Ruby's." Hayes identified State's Exhibit One as the substance he purchased from the defendant and subsequently turned over to Undersheriff McFadden.

Pat McFadden testified that he was working surveillance of the undercover officers. He observed the officers having a conversation with two persons in a Chevrolet pickup. Hayes subsequently turned State's Exhibit One over to McFadden which he delivered to Don Flynt of the Oklahoma State Bureau of Investigation.

Don Flynt testified that he was employed as a chemist with the Oklahoma Bureau of Investigation. He further testified that Pat McFadden delivered State's Exhibit One to his office on March 2, 1971. He examined the substance contained therein microscopically and chemi-

cally and, in his opinion, the material was marijuana.

■ Defendant's first proposition asserts that the trial court erred in overruling defendant's motion to suppress the evidence for the reason that said evidence was the result of entrapment. The Record reflects the trial court conducted an evidentiary hearing outside the presence of the jury wherein Hayes testified concerning the details of the sale. The defendant testified that he and Mike Telinde were traveling down VanBuren when Jim Powell, traveling in another vehicle, asked him to pull over. He further testified that he had previously known Powell. Defendant then states, "Then I asked them what they had been up to and this Jim Powell knew that I was kind of running and indulging in drugs and he used marijuana." (Tr. 17) Gaylen Hayes introduced himself to the defendant and Telinde, and asked the defendant where he could buy a "lid of weed." He further testified that:

"I didn't have any and I didn't know where I could find any and then this Jim Powell which knew that I was indulging in it, this Powell, he said, 'Well, I know that you know where some is at.' And then they was talking to me about it some more and then I said, 'Yeah, I know where there was some at.' And then I went and got it for them." (Tr. 18)

Defendant admitted using marijuana but denied selling it prior to the evening in question.

At the conclusion of the hearing the trial court stated:

"There isn't any entrapment here, Mr. Maxwell. These people didn't represent that they were users of narcotics or that they were in need of a fix. There wasn't any such representation here. There wasn't any such decoy for the purpose of luring the defendant or inducing him to break the law and getting him to commit a crime by a false statement. Under the testimony of your client and the testimony of the agent here

there wasn't any such misrepresentation to this man. He wasn't induced to violate the law by any wrongful act on the part of these men. All they told him was or all any of them told him was that they were looking all night or something like that for some weed or for a fix or something like that, but they didn't represent to him that they just had to have narcotics. * * *" (Tr. 25–26)

Bradley v. State, Okl.Cr., 485 P.2d 767, Judge Brett stated:

"Next, defendant asserts that the trial court should have granted his motion for a directed verdict, and should have held as a matter of law that the doctrine of entrapment was applicable. We do not agree. Defendant admitted that he was a user of marijuana. The fact that he had no previous criminal record, except for misdemeanors, and was not widely known as a marijuana seller and was not known as an 'addict,' is not sufficient to state as a matter of law that he was entrapped in this sale. In this case the officer merely furnished the opportunity for defendant to commit the crime; defendant already possessed the requisite criminal intent, while making another delivery. See: McCart v. State, Okl.Cr., 435 P.2d 419 (1967); and Shook v. State, Okl.Cr., 453 P.2d 332 (1969)."

In the instant case we concur with the trial court's findings that defendant was not entrapped. We therefore find this proposition to be without merit.

■ The next proposition contends that the trial court erred in failing to dismiss a trial juror because of the misconduct of said juror. Defendant first raised this objection at the conclusion of the reading of the instructions wherein the following transpired:

"MR. MAXWELL: Comes now the defendant and moves for a mis-trial on the grounds and for the reason that the juror in box number 12 has repeatedly, and especially during the reading of the instructions, failed to pay attention and cleaned his fingernails and yawned and

previously has cleaned his fingernails and I move for a mis-trial on the grounds that he is an incompetent juror." (Tr. 61)

At the conclusion of the closing arguments defendant again raised his objection to juror number 12 whereupon the trial court stated: "I watched him during the last part here after you called it to my attention, he was paying very close attention so far as I could tell." (Tr. 63)

In Wilson v. State, Okl.Cr., 458 P.2d 315, the Court stated in the seventh syllabus:

"A claim of misconduct of a juror before a criminal case is submitted to a jury is not to be determined by inference or on the basis of speculation, but must be established by clear and convincing proof."

We are of the opinion that defendant failed to show at the time of trial the misconduct of the juror to the satisfaction of the trial court by clear and convincing proof. We further observe that the juror was thought highly enough by his fellow jurors that he was the foreman of the jury in the first stage proceedings. We therefore find this proposition to be without merit.

The third proposition asserts that the punishment is excessive. We have repeatedly held that the questioning of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. In the instant case, the minimum punishment which could be fixed by the jury was ten (10) years. Because of the undisputed evidence of the defendant's guilt we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The final proposition contends that the trial court erred in overruling the defendant's motion for continuance and defendant's motion to quash the Information. Defendant argues under this proposition that:

"The defendant's contention for both his motion to quash and the motion for a continuance is that the testimony of said Jim Powell is material to the defendant's defense and the defendant's defense was materially and substantially prejudice [sic] without his testimony."

We observe that this cause was first set for trial on the April jury docket but upon defendant's request the case was stricken for trial assignment and was tried on the June docket. At the conclusion of the evidentiary hearing on defendant's motion to suppress, the defendant orally moved for a continuance to locate the witness Powell and to subpoena Officer Linville.

We first observe that the defendant did not comply with 12 O.S. § 668, which provides:

"A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If thereupon, the adverse party will consent that on the trial the facts, alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

We next observe that the defendant by his own testimony at the evidentiary hearing was aware of the persons present at the sale. Defendant totally fails to show that due diligence was used to obtain the testimony of the witnesses. To the contrary, defendant was granted a continuance in April at his request to give him additional time to prepare for his defense. There is nothing in the Record before this Court to

reflect what efforts, if any, were made by the defendant to obtain the testimony of the absent witnesses. We therefore conclude that the trial court properly overruled the defendant's motion to quash and motion for continuance.

In conclusion we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is hereby affirmed.

SIMMS, J., concurs.

BRETT, Judge (concurs in part and dissents in part):

I concur that the judgment and sentence should be affirmed, but I would modify the sentence to ten (10) years imprisonment.