Rance Douglas **HOUSE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A-17959.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF-72-466, the Appellant, Rance Douglas House, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. The defendant's punishment was fixed at twenty (20) years imprisonment. From that judgment and sentence, a timely appeal has been perfected to this Court.

Rouse B. Norwood, Jr., testified at trial he was the owner and operator of Norwood Grocery, 631 North Nebraska, Oklahoma City, Oklahoma. At approximately 2:00 A.M. on March 1, 1972, in response to a telephone call from police informing him a burglar had been apprehended at his store, he drove to the store. Upon arrival, he observed at the rear of the store a hole in the concrete block wall approximately one and one-half feet wide and one and one-half feet high. Further he stated this hole was large enough for a man to pass through. He further stated that at 9:00 P.M. on the previous evening when he closed the store, this hole was not in the structure. Finally he stated that missing from inside the store were a torn five dollar bill, a two dollar bill, and some old Mexican coins.

Officer Darrell J. McCune, of the Oklahoma City Police Department, testified he and his partner, at 1:53 A.M. on the above mentioned date, responded to a silent alarm received from the above store. At 1:55 A.M. they proceeded to the rear of the store where they observed at the southwest corner of the concrete block structure, a hole about twelve inches by twenty-four inches in size. He testified he observed a black arm emerge from the hole. He ordered this person out and the arm withdrew. At this time, the person fled the building with the officer and his partner in pursuit. At the north corner of the structure, back up officers who were sta-

tioned at the front of the store, apprehended this person. He identified the defendant as the person they apprehended at this time.

After Mr. Norwood arrived, they inspected the inside of the store and found a length of pipe, one end of which was battered and covered with a white powdery substance. Pursuant to this investigation, they determined change, a mutilated two dollar bill, and a five dollar bill had been taken from the office area of the store.

McCune stated that in a prelockup search, they found in the defendant's shoes loose change, a two dollar bill, a scotch taped five dollar bill, and other bills in various denominations.

Mr. Norwood again testified and identified the items taken from the defendant as those missing from his store. He particularly identified the two dollar bill, the five dollar bill, and certain disfigured coins as items that were in his store on the evening prior to the burglary.

Officer Ronald E. Richardson's testimony substantially covered the same evidence as the testimony of Officer McCune.

Officer Hollis Harper, of the Oklahoma City Police Department, testified that he and his partner were Richardson's and McCune's back up in this incident. At approximately 1:57 A.M. he and his partner intercepted the defendant as he ran from the rear to the front northeast corner of this store. He stated the defendant was being closely pursued by Officer Richardson.

Officer Gary James, of the Oklahoma City Police Department, testified that on March 1, 1972, he took a picture of the hole in the structure, identified as State's Exhibit Number Seven. In his opinion, this hole was of sufficient size to enable a human to gain entry into the structure. Thereafter, the State rested.

For the defense, John P. Smith testified he took two pictures of this hole, identified as Defendant's Exhibit Numbers One and Two. The hole measured twenty-one inches long and its height varied from

eight and one-half inches to twelve and one-half inches.

The defendant did not testify. At the second stage of the proceedings, counsel stipulated to all prior convictions. The defense rested.

■ In the defendant's first proposition, it is generally submitted the evidence does not support the verdict. We have carefully studied the transcript of trial proceedings and find the evidence legally sufficient to establish the elements of the offense. Further, the testimony of several eye witnesses unequivocally identified the defendant as the perpetrator of the offense. This Court has consistently held it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based upon probable testimony, the reviewing court will not interfere with the verdict. Jackson v. State, Okl.Cr., 494 P.2d 358 (1972). We, therefore, find this proposition to be without merit.

■ In the defendant's second proposition, it is asserted this Court should review the punishment assessed by the jury, with an emphasis on modification. We note that at the second stage of the proceedings, counsel stipulated to two prior convictions, one being Carrying a Concealed Weapon After a Former Conviction of a Felony, and the other being a conviction for the offense of Burglary in the Second Degree. The punishment prescribed by statute is not less than ten years imprisonment for a conviction charged in the manner this offense is charged. The jury assessed a penalty of twenty years, a penalty well within the statutory range of the punishment considering the defendant conceivably could have received a term substantially greater than what was assessed in this case. Therefore, considering the overwhelming evidence of the defendant's guilt, coupled with the above felony convictions, we find that the punishment imposed supported by the evidence and not unreasonable. We have repeatedly held that the questioning of excessiveness of punishment must be de-

termined by a study of all the facts and circumstances in each particular case. Wofford v. State, Okl.Cr., 494 P.2d 672 (1972). Because of the undisputed evidence of the defendant's guilt, we cannot say the sentence imposed shocks the conscience of this Court. See Jackson v. State, supra.

Therefore, the judgment and sentence is affirmed.

BUSSEY, and BRETT, JJ., concur.