William Spencer MOORE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17856.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, State of Oklahoma, Case No. CRF–71–3088, the appellant, William Spencer Moore, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Robbery With Firearms. His punishment was fixed at five (5) years imprisonment. From that judgment and sentence he has perfected his timely appeal to this Court.

At the trial Evelyn Marie Pollard testified that she was employed as a cashier at the Poor Boy Wrecker Service and Apco Station, located at 1837 North Lottie, Oklahoma City, Oklahoma. At approximately 1:30 P.M. on the 22nd of December, 1971, Mr. John Cox, an Apco representative, and Vernis Dockins, an attendant at the station, were present in this station office. Immediately subsequent to Dockins' entry into the office for change for a transaction, a person, later identified as the defendant, "busted" into the station brandishing a pistol. The defendant demanded the money in the register, she stepped back, and the defendant "grabbed" the money inside the register. Immediately thereafter the defendant made a demand for money from the two other occupants of the station. In response, Cox, at gun point, produced his wallet which contained no money. Dockins also replied he had no money. In response to the last reply, the defendant pistol whipped Dockins, knocking him to the floor. Thereafter, Dockins fled through the south door of the office with the defendant in close pursuit. After the defendant left the office, Cox and Pollard fled through the north door. Pollard testified she escaped to a nearby business where she phoned the police. Further, she stated on December 24, 1971, she identified the defendant at a lineup and that her in-court identification was made independently of this pretrial identification.

Norman John Cox, the Apco representative present in the station at the time of this incident, testified substantially as Pollard, adding further a description of the pistol used, which appeared to him to be a military issued styled .38-caliber Smith and Wesson blue steel revolver. He further stated the person who robbed his station wore military type sunglasses.

Robert I. Farrar of the Oklahoma City Police Department stated he had received a report on the robbery in the instant case and that report listed the possible vehicle used in the incident. On December 24, 1971, while in the vicinity of Northwest 30th and Pennsylvania, he observed a white over red 1955 or 1956 Buick which resembled the vehicle in the report. Officer Farrar, by radio, verified the vehicle tag and requested backup assistance. At Northwest 16th and Pennsylvania, he and a backup unit stopped the vehicle. The subjects in the vehicle were given their Miranda warnings. Of the two subjects in the vehicle, the passenger, defendant, matched the physical description and identification in the report.

Officer W. E. Martin of the Oklahoma City Police Department stated he was one of the officers who assisted in the arrest. He identified the defendant as the passenger in the vehicle and described by the report. Further, he stated he conducted a search of the vehicle and found a .45-caliber Colt revolver and a pair of military sunglasses. Finally, after full qualification, he testified that a .38-caliber Smith and Wesson revolver, as described by Cox, and the revolver found were very similar in appearance.

Officer Troy L. Withey of the Oklahoma City Police Department testified, without objection, to the details of the lineup at which the defendant was identified by Pollard. Further he stated that State's Exhibit Number Two had a very similar appearance to the type of firearm described by Cox. The lineup was conducted in the presence of an attorney for the defendant.

Cox and Pollard were recalled and both testified that State's Exhibits Number One and Two were very similar to the gun and sunglasses found in the vehicle at the time of the arrest. Thereafter, the State rested.

The defendant testified on December 22, 1971, he walked to the recreation center at 12th and Walnut. From 11:30 A.M. until early afternoon he "played billards". From the recreation center he walked to Ronnie Moore's home where he stayed approximately 20 minutes. From there he and Moore walked to Charlie Cooper's home and stayed until late that evening. On December 24, 1971, he stated that after shooting pool at the recreation center he and Raymond Johnson left the center in Johnson's car to take a white poodle he had found to a veterinarian. Also they drove to Shepherd Mall so that he could purchase a Christmas card. Further, he denied having been at the Poor Boy Wrecker Service, stating he was unfamiliar with this place of business but familiar with businesses located near its location. He also denied any familiarity with State's Exhibits Number One and Two, stating that they were not his possessions. Finally he stated that at the lineup in which he participated, Johnson was also present. Thereafter the defense rested.

On rebuttal, Officer Martin testified that there was no dog in or about the Buick on the occasion of the defendant's arrest. The State and defense rested.

▆▆▆ In defense counsel's first proposition a review of the evidence is suggested for a determination of the sufficiency of the evidence in supporting the jury's verdict. From a careful study of the transcript, we find the evidence is sufficient to support the jury's verdict as where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret out the truth; and if there is competent evidence to support the jury's findings, we will not disturb the verdict on appeal. In Enoch v. State, Okl.Cr., 495 P.2d 411 (1972)

▆▆▆ In the defense counsel's second proposition it is asserted this Court should review the punishment assessed by the jury. Noting the circumstances surrounding this offense and the fact the jury imposed the minimum penalty provided under the statutes, we find no bases for the punishment being imposed upon the bases of passion or prejudice. Therefore, the facts and circumstances do not support any modification. Wofford v. State, Okl.Cr., 494 P.2d 672 (1972), nor does it shock the Court's conscience. Jackson v. State, Okl. Cr., 494 P.2d 358 (1972). The judgment and sentence is Affirmed.

BUSSEY and BRETT, JJ., concur.