**Leonard Elgin BOYLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17613.**

Court of Criminal Appeals of Oklahoma.

March 5, 1973.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., and Robert Dennis, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Leonard Elgin Boyle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–2105, for the offense of Larceny of an Automobile, After Former Conviction of a Felony. His punishment was fixed at seventy-five (75) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Victor Gallier testified that on September 11, 1971, his company owned

a 1971 Ford Pickup which was in possession of his brother-in-law, Norman J. Emminger. The following morning the vehicle was discovered missing. He next observed the pickup at a service station in Purcell, where it had been impounded by the sheriff.

Norman Emminger testified that he had parked the pickup in his apartment parking lot at approximately 8:00 P.M. on September 11, 1971. He locked the doors of the pickup prior to going into his apartment. At approximately 7:30 A.M. the following morning, he discovered the pickup was missing. He next saw it that afternoon at Purcell and observed that the ignition switch had been removed from the truck.

Joe Huddleston testified that he was a Sheriff of McClain County and that on September 12, 1971, had occasion to investigate a report that "lights going down through a man's pasture about midnight" he picked up the owner of the farm, H. C. Foster, and they drove to the pasture. As they drove through a wooded area approaching the Canadian River, he saw an old white Ford pickup with two men sitting in it. The driver, whom he identified in Court as defendant, pointed a gun at him and threatened to kill him. Defendant ordered Huddleston to pull out the microphone to his radio and throw it away. Huddleston did so and defendant ordered him to drive on. He observed a 1971 Ford pickup and 1972 Chevrolet pickup, both with their hoods raised, approximately sixty yards from the defendant's vehicle. Huddleston drove a short distance and the occupant of the defendant's pickup jumped out and ran. Defendant drove away at a high rate of speed. Huddleston returned to the scene and repaired his radio. He identified a red box of tools which was found near the two pickups.

Howard Johnson testified that on September 11, 1971, he left his 1972 Chevrolet Pickup at a service station in Moore. The following morning he discovered the pickup missing. He identified the red tool box as having been on his pickup.

Carl Cloud testified that he was a fingerprint technician with the State Bureau of Investigation. He had occasion to process a red tool box received from Sheriff Huddleston for fingerprints and obtained a latent print. He testified in his opinion the print was identical to a known fingerprint of Carl Gene Rose.

Officer Boyett testified that pursuant to a call from Sheriff Huddleston on September 12, 1971, he took up a watching position on Highway Nine, just west of Interstate Thirty-five about noon. He arrested Carl Gene Rose who was running down a creek bed.

Carl Gene Rose testified that he was a co-defendant in defendant's case and had entered a plea of guilty. About a week before the day in question, the defendant approached him about helping remove motors out of some old Fords and Rose agreed to help. On the morning of September 12, defendant picked him up in David Roberts' pickup and they drove to a location south of Norman. The defendant showed him a red tool box and asked him to look in it and see if he needed any more tools. Defendant turned off a dirt road and they went through a gate. He observed two, new trucks sitting in the pasture. He told the defendant, "I don't want no part of this." Defendant stated, "You better not say nothing about it," and he agreed that he wouldn't. As they were leaving, the sheriff drove up. He jumped out of the car and ran.

The defendant did not testify nor was any evidence offered in his behalf. The three prior convictions were stipulated.

■ The first proposition asserts that the verdict is not supported by the evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this Court will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evi-

**950**

dence and to determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

 The final proposition asserts that the punishment is excessive. This proposition is well taken. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case. We are of the opinion that justice would be best served by modifying the judgment and sentence to a term of thirty-five (35) years and as so modified, the judgment and sentence is affirmed.

BLISS and BRETT, JJ., concur.