Tommy JOHNSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17712.

Court of Criminal Appeals of Oklahoma.

April 11, 1973.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Tommy Johnson, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Case No. CRF–72–173, for the crime of Burglary in the Second Degree. His punishment was fixed at ten (10) years imprisonment. From that judgment and sentence, he has perfected his timely appeal to this Court.

At the trial, Tommy Kuchynka testified that he was a Patrol Sergeant with the Lawton Police Department and that he responded to a call on March 12, 1972, at about 6:25 a. m., which directed him to the V.F.W. Club in Lawton, Oklahoma. He stated that Officer Robert Braley and Officer Michael Gibson also responded to the call. Upon arriving at the V.F.W. building, Gibson went to the rear of the building and Kuchynka and Braley went to the front of the building. According to Kuchynka, he did not see anyone in front of the building nor in the parking area, walked into a closed porch or breezeway in front of the main entrance and noticed the front door was pried open. Kuchynka stepped back to his patrol car and radioed for backup. Kuchynka stated that when he returned to the breezeway, a man came out of the building with a tire tool in his hands. This man was put up against the building and searched, when the defendant came out of the doorway. Kuchynka told defendant to put his hands up and turned defendant to the wall while searching him. According to Kuchynka, he and the officers entered the building and found still another man hiding in a clothes closet. The officers observed a pool table that had been broken into. The three subjects were taken to the police station.

Officer Braley testified, in substance, to the same events as did Officer Kuchynka. Officer Gibson related that he saw the defendant after the arrest, but had not seen the defendant at the rear of the building and that he had seen someone trying to leave the building by the rear door, but was not certain as to that person's identity.

The defendant testified that he was twenty years old and that he had received a prior two year suspended sentence for burglary. He stated that he was not involved in the crime, but that he had been with Ernest Wilson and Michael Marshall earlier that morning, and saw them last at a bus station, which was across the street from the V.F.W. According to defendant, he was crossing the street when the police

came and told him to stop. The police then searched him and put him in a police car. Defendant stated he had never been in the V.F.W. building and that he saw Marshall running out of the building and that he saw Wilson being taken from the building.

Michael Marshall testified that he was arrested coming out of the V.F.W. building and that he had a tire tool in his hands. He stated that defendant and Wilson had been in the building with him. According to Marshall, he, Wilson, and defendant entered the building and broke into a pool table. Marshall further testified that defendant came out of the building after Marshall and before Wilson. Marshall was brought from the penitentiary for the purpose of testifying.

Ernest Wilson stated that it was he and Marshall that perpetrated the crime and that defendant never knew of the break-in. He further testified that the first time he saw the defendant that morning was after he and Marshall had broken into the V.F. W. Wilson never related this story to the police.

Willie Marshall, father of Michael Marshall, testified that he cautioned his son not to tell a lie on the witness stand for fear that a perjury charge would be brought against the younger Marshall.

At the date set for judgment and sentence, the State brought forth one Jess Svec, who was a prisoner at the Comanche County Jail on May 15, 1972, to relate to the court the fact that a riot had occurred on that date in which the defendant was a participant.

 The defense asserts as his first proposition that a review of the evidence is necessary in order to determine the sufficiency of the evidence in supporting the jury's verdict. From a careful study of the transcript, we find the evidence is sufficient to support the jury's verdict as where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and search out the truth; and if there is competent evidence

to support the jury's findings, we will not disturb the verdict on appeal. Enoch v. State, Okl.Cr., 495 P.2d 411 (1972).

The next proposition asserted by defendant maintains that the trial court erred in not granting a ten year sentence with five years being suspended in conformity with the jury's recommendation. Noting the fact that defendant had been convicted of a prior felony, that the court imposed the minimum penalty provided under statute, and that defendant participated in a jail riot prior to sentencing, we cannot say that the trial court abused its discretion in not following the jury's recommendation. The judgment and sentence is affirmed.

BRETT, and BUSSEY, JJ., concur.