

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF–72–1558, appellant, William Goodlett, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Robbery with Firearms. His punishment was fixed at twenty (20) years imprisonment. From that judgment and sentence, he has perfected his timely appeal to this Court.

**William GOODLETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–127.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1973.

Dennis Hellwege testified that on July 2, 1972, he was employed at the 7–11 Grocery located at 15th and Boulevard, Edmond, Oklahoma. On this date shortly after 3:00 a. m., two black males entered the store. One walked to an electrical display while the other milled about the store. The pair then carried two electrical cords and an unspecified number of light bulbs to the checkout counter. As Hellwege recorded the transaction on the cash register, one of the males, identified as co-defendant Morrow, produced a revolver, demanded the store money, and threatened Hellwege's life if he did not comply. Hellwege placed the bills from the cash register inside of a paper sack. Shortly thereafter the pair instructed Hellwege to walk to the rear of

the store. He did as instructed and they followed. Upon reaching the back room, his hands were bound with one of the electrical cords. While he was being bound, he heard one state that the police were there. The pair then left the back room. Following their departure, he heard scuffling and two gunshots. He untied his bonds, walked to the front of the store, and observed three black males, one lying in front of the vegetable counter, defendant lying in front of the store, and one handcuffed in a corner. Hellwege testified he observed State's Exhibit 3, a pipe wrench, on the premises but could not recall exactly where it was first observed.

Terry A. Mitchell testified that he was driving in Edmond on 15th Street about 3:00 a. m. on the above mentioned date. As he approached Boulevard, he observed two black males in the shadowed area north of the 7–11 Store. Mitchell proceeded to his office, approximately eleven blocks from that location, and notified the police.

Officer David Garrett, of the Edmond Police Department, testified that on the above date at approximately 3:10 a. m. he was dispatched to the above location to investigate a possible armed robbery in progress. After approximately five minutes, he arrived at the store. As he pulled into the parking area, he observed a black male standing in front of the store kneeling down as if he were tying his shoes. He parked his cruiser directly in front of the door. As he walked into the store, he observed two black males emerge from the rear of the store. He entered the store, drew his revolver, and placed all three under arrest. The three were instructed to spread-eagle at the counter and after they complied with his demand, he frisked them. From his frisk he removed a pipe wrench from defendant's pocket and found a pistol, State's Exhibit 2, on co-defendant Morrow. He placed the pistol in his belt. After obtaining the weapon, co-defendant Mann, the center subject, "jumped him" with Morrow moving behind him reaching for

his gun. Simultaneously, defendant jumped for the pipe wrench. Garrett shot Mann in the arm. As defendant approached Garrett with a pipe wrench, Garrett shot him in the arm also. Then, Garrett wrestled Morrow to the rear of the store where he handcuffed him. While he was fighting with Morrow, a Central State College police officer entered the store and assisted him.

Leon Osborne testified he was a Central State University Police Officer and Officer Garrett's backup in the above mentioned incident. His testimony substantially corroborated the testimony of Officer Garrett, further adding he searched a parking area near the store and found a Cadillac with the keys still in the ignition.

Lieutenant Dale Croft, of the Edmond Police Department, testified that he investigated the above incident and took custody of State's Exhibits at the scene. Further, he stated he obtained a search waiver from Morrow and searched the Cadillac found in the vicinity of the store. His searched revealed a boot hidden beneath the seat of the vehicle which contained a large quantity of change.

Don Faulkner testified as to his involvement as to the chain of custody of State's Exhibits.

Thereafter, the State rested.

James Mann's testimony revealed that at the time of trial he resided at the Oklahoma State Penitentiary at McAlester, upon a conviction for the robbery of the 7–11 Store in the instant case. He stated that he and John Morrow that same night had committed an earlier robbery of the Indian Princess Motel. He stated defendant did not accompany them in the commission of this offense. Immediately following the Indian Princess Motel robbery, he and Morrow drove to the service station where the defendant worked. Defendant asked for a ride home and according to his testimony, they agreed to give him the ride. According to Mann's testimony,

Mann and Morrow had previously planned the robbery of the 7–11 Store in Edmond. However, defendant was not aware that they had planned to rob this store. Mann stated defendant fell asleep while riding in the car and was present at the scene purely as a victim of circumstance.

Defendant testified he was twenty-one years old, married, and the father of one child. He stated he had completed two and one-half years of college education and had no criminal record. On the date of this incident, defendant stated he was employed at a service station at 2223 N. E. 23rd. At approximately 1:30 a. m. Morrow and Mann drove into the station to have their Cadillac serviced. While they were there they agreed to take defendant to his home. When they left the station, he rode in the back seat of Morrow's Cadillac and as they left the station, they left in a different direction in which defendant's home was located. Defendant asked them where they were going to which they replied they had a few things they needed to do before they took him home, further stating it would only take a few minutes. Defendant stated he fell asleep and awoke as the car door opened and Morrow was getting out, apparently with a gun in his hand. Defendant asked where he was and Mann replied they were in Edmond. Defendant asked where they were going, to which they replied it was none of his business and that they would return in a few minutes. After a few minutes, defendant became apprehensive and started looking for Mann and Morrow. As he walked across the parking lot he stumbled in a chuck hole. While he was removing gravel from his shoe, obtained during his fall, a police car entered the store drive. The officer which emerged from the car informed him he was under arrest. Defendant stated the reason he had the pipe wrench in his pocket at the time of his arrest was because there was a leaky gas pipe at his home and he had it in his possession as he was going to fix it when he arrived there. Defendant testified he was shot in an attempt to escape from the store when the scuffle ensued. Thereafter, the defense rested.

In defense counsel's first proposition it is generally submitted the evidence does not support the verdict. We have carefully studied the transcript of the trial proceedings and find the evidence legally sufficient to establish all elements of the offense and to identify defendant as an active participant in its commission. From a careful study of the transcript, we find the evidence sufficient to support the jury's verdict as where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret the truth; and if there is competent evidence to support the jury's findings, we will not disturb the verdict on appeal. Enoch v. State, Okl.Cr., 495 P.2d 411 (1972).

In defense counsel's second proposition it is asserted this Court should review the punishment assessed by the jury. Noting the circumstances surrounding this event and the fact the jury imposed a penalty well within the range established by statute, we find no basis for the punishment being imposed upon any other consideration other than the evidence presented at trial. Therefore, the facts and circumstances do not support modification. Wofford v. State, Okl.Cr., 494 P.2d 672 (1972). The penalty imposed in light of the evidence adduced at trial does not shock this Court's conscience and for that reason there is no ground for modification of the defendant's sentence revealed in the transcript of trial or record. Jackson v. State, Okl.Cr., 494 P.2d 358 (1972). The judgment and sentence affirmed.

BUSSEY and BRETT, JJ., concur.