Reta Wyone GRAHAM, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–383.

Court of Criminal Appeals of Oklahoma.

March 8, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF-72-2773, appellant, Reta Wyone Graham, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Robbery with Firearms, After Former Conviction of a Felony. Her punishment was fixed at fifty (50) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

The evidence adduced at trial from the testimony of Mr. Donald M. Whitton revealed that on November 15, 1972, he was employed as a cashier at the Crestwood Liquor Store located at 2301 N.W. 16th, Oklahoma City, Oklahoma. At approximately 8:30 p. m., defendant, accompanied by a male companion, entered the store and inspected merchandise. Whitton showed the defendant about the store, defendant looked at several different wines and ultimately purchased a bottle of wine. Whitton noticed that during the time that they were inspecting merchandise for the purchase, she and her companion surveilled the premises. Following the purchase, the couple left. Approximately twenty-five to thirty minutes later, defendant and her companion reentered the store, defendant announced that she wished to purchase more of the wine that she had looked at earlier, and Whitton accompanied the defendant in the process of selecting this wine. While they were in the process of making their second round, Whitton stated that the defendant stood unusually close to him. When they entered the area near the open storeroom, defendant turned away from Whitton and then turned again facing him, simultaneously pointing a firearm at him. Thereafter, defendant ordered Whitton to lay face down on the stockroom floor and then instructed her companion to obtain the money from the cash register. In response to defendant's order, Whitton produced his wallet and defendant removed approximately $8 to $10 from it. Following inquiries by defendant, Whitton further told her of the location of other money concealed in an upper shelf in the stockroom. While Whitton was still laying face down, after defendant had obtained all of the money, defendant's companion asked her if she was going to kill Whitton. She replied that she had previously decided to do so, but since he had been nice to her,

she wasn't. She instructed Whitton to count to fifty before getting off of the floor. The couple left and Whitton did not get up until he heard a customer enter the store. On the day following this incident, Whitton attended a police line-up, but did not select anyone as being the defendant. He attended a second line-up the second day following the robbery, and from that he selected the defendant as one of the robbers.

Officer Nick Pittman, of the Oklahoma City Police Department, testified that he was dispatched to the above mentioned store at approximately 9:20 p. m.; that he took an initial report from Whitton concerning the robbery; and, that he furnished descriptions to be broadcast on the police radio. Pittman stated that Whitton described the defendant as a white female, approximately 120 pounds in weight, 35 years of age, clad in a blond wig, brown coat, blue jeans and moccasins. Further, his testimony revealed that defendant's companion was a white male, approximately 5' 10", 160 pounds, age 35.

Detective Harold Behrens, of the Oklahoma City Police Department, testified that as a part of his investigation, he showed Whitton a number of pictures the day following the robbery. During a survey of these photographs, Whitton tentatively identified defendant as the robber. Behrens testified that he arranged two line-ups. At the first line-up, Whitton was unable to identify defendant. At the second line-up, Whitton identified the defendant as one of the robbers. Defendant was not shown in the first line-up.

Officer Paul Taylor, of the Oklahoma City Police Department, testified that he arrested the defendant at approximately 11:15 p. m. on November 19, 1972, at a home on S. Westminister.

Thereafter, the State rested.

The defendant testified that on November 15, 1972, she was with friends: Jerry Allen, Roy Woods, Jackie (the latter's wife), and Pam Johnson. She testified

that she arrived at approximately 2:00 p. m. and stayed there the entire night, never leaving the premises. Generally, her testimony established an alibi defense.

Thereafter, the defense rested.

The State presented Harold Behrens in rebuttal and defendant testified in surrebuttal. Following this evidence, defense counsel stipulated to the former convictions of Burglary in the Second Degree and Grand Larceny and waived the second stage of proceedings.

■ In defense counsel's first proposition it is generally submitted that the evidence is not sufficient to support the verdict. We have carefully studied the transcript of the trial proceedings and find the evidence to be sufficient to establish all elements of the offense of Robbery with Firearm and legally sufficient to identify the defendants as the person who committed this offense. Where there is a conflict in the evidence, it is generally the province of the jury to weigh the facts and determine the guilt or innocence of the accused. There is competent evidence in the record to support the jury's findings and, consequently, we will not disturb the verdict on appeal. See Enoch v. State, Okl.Cr., 495 P.2d 411 (1972).

■ In defense counsel's second proposition it is asserted that this Court should review the punishment assessed by the jury. Considering the circumstances surrounding the event in question and the fact the jury imposed a penalty well within the statutory range, we find, in light of the fact that two prior convictions were introduced in support of the punishment stage of the proceedings, the punishment imposed is founded upon sufficient evidence and does not manifest a punishment being imposed by an impassioned jury. Therefore, the facts and circumstances do not support modification. The penalty, in light of the evidence adduced at trial, does not shock this Court's conscience considering the former convictions of the accused. Consequently, we do not find ground for modifi-

cation of defendant's sentence. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972).

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.

Don Anderson, Public Defender, Oklahoma County, for appellant.

