Jimmy Lee MAYFIELD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–7.

Court of Criminal Appeals of Oklahoma.

March 8, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–73–1136, appellant, Jimmy Lee Mayfield, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony. His punishment was fixed at seven (7) years imprisonment and from said judgment and sentence, he has perfected this timely appeal to this Court.

David Lee Magerus testified that on April 22, 1973, he drove his 1957 Chevrolet pickup to the City Market located on West Main, Oklahoma City, Oklahoma. He arrived at approximately 9:30 a.m., parked the pickup and entered the store. At approximately 10:00 a.m. he returned and found his pickup missing. Immediately thereafter he reported the missing vehicle to police. At approximately 2:30 p.m. the same day, he observed the pickup parked at 4th and Classen, Oklahoma City, Oklahoma. Thereafter, Magerus identified State's Exhibits 1 and 3, a wallet and a Huskey's Socket Wrench Set, as tools which were inside of the pickup before it was taken.

Officer Darrell McCune testified that at approximately 12:00 noon he and his partner, Ron Richardson, were dispatched to 4th and Classen where they observed the above mentioned pickup parked with the defendant seated behind the wheel. They asked the defendant who the truck belonged to, to which the defendant responded that he did not know. Subsequent to proper Miranda warnings, the defendant was placed under arrest and his person searched. McCune testified that the defendant had two wallets in his possession, one of which contained a $1 bill. The wallet and $1 bill were respectively marked State's Exhibit 1 and 2. A wrecker driver, who worked for a garage near the police station, arrived at the scene with a socket wrench set, marked State's Exhibit 3, and stated that the defendant had sold the set to him earlier that day for $1. Defendant admitted selling the socket wrench set to the driver, further stating that State's Exhibit 2, the $1 bill, was the money received in payment for the purchase.

Thereafter, the State and defense rested and the case was submitted to the jury.

At the second stage of trial proceedings, the defense stipulated to four prior felony convictions and the case was submitted to the jury for the imposition of punishment. The jury returned a verdict, imposing the above mentioned penalty.

■ The first proposition of error asserts that the verdict is not supported by evidence from which the jury could reasonably conclude that defendant was guilty as charged. This Court will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. For a case factually similar see Boyle v. State, Okl.Cr., 507 P.2d 948 (1973).

■■ The final proposition asserts that the punishment is excessive. We have repeatedly held that unless the punishment imposed shocks the conscience of this Court, we will not disturb the jury's verdict. Jackson v. State, Okl.Cr., 494 P.2d 358 (1972). The punishment imposed is within the range established by statute. The punishment does not shock this Court's conscience and for this reason we will not disturb the jury's assessment. We therefore find this proposition without merit.

The judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in results.