Randy BUCHANAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–645.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1975.

Rehearing Denied March 13, 1975.

Benjamin E. Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The appellant, Randy Buchanan, hereinafter referred to as defendant, was charged, tried before a jury and convicted for the crime of Unlawful Delivery of Marijuana in the District Court of Lincoln County in Case No. CRF–73–122. The jury assessed punishment at two (2) years in the state penitentiary. From a judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Gregory Scott Butler testified that he was working for the Stroud Police Department as an undercover agent when he was introduced to the defendant. On the evening of December 6, 1973, he and defendant, while in the presence of one Bobby Joe Riggs, agreed to meet at a pool hall the next day to purchase a lid of marijuana. Butler met defendant on the 7th and the two played pool for a short time, whereupon defendant said to Butler, "Let's go riding around", and they left in defendant's car. Butler then testified:

"* * * And I asked him if he still had some lids for sale, and he said yes.

And I said, 'How much do you want for one?' And he said, '$10.00 apiece.' And I then pulled a twenty-dollar bill out of my billfold and asked him if he had change for it. He said he would get it when we stopped the car. So, I handed him the twenty, and he reached over with the key he pulled out of his pocket and unlocked the glove compartment and told me to pick one. And I looked in the glove compartment, and there were approximately six of these baggies, and I picked one and put it in my right-hand coat pocket."

After Butler left defendant's car he called Claude Keyes, Stroud Chief of Police, and informed him of the purchase. Keyes advised Butler that he wanted to proceed directly to the Oklahoma Bureau of Investigation that afternoon. Butler testified that he placed the substance purchased from defendant in his coat pocket and kept it there until he turned it over to Chief Keyes when they met to proceed to Oklahoma City. Keyes retained possession of the substance until they arrived at the O.S.B.I. headquarters and sealed it in an evidence envelope identified as State's Exhibit No. 1.

Claude Keyes testified that at approximately 12:30 p. m. on the 7th day of December, 1973, agent Butler called him and they met west of Chandler where Butler turned over some marijuana which he said was purchased from defendant. Keyes identified State's Exhibit No. 1, which bore his initials, as the envelope in which he sealed the substance at the crime bureau on that day, stating however, that there was an error in his notation of the date on the evidence envelope. Keyes testified:

"I took the date off of my wrist watch and put the date down, which the wrist watch had changed at twelve o'clock noon instead of twelve o'clock midnight, and the watch showed being a day ahead of time.

"Q. When did you discover this error?

"A. The next day when I was at the station.

"Q. And you discovered it by looking at your watch?

"A. Right."

William J. Caveny then testified that he was employed as a forensic chemist by the Oklahoma State Bureau of Investigation and that on the 7th day of December, 1973, Claude Keyes, Stroud Chief of Police, brought in some evidence for analysis by the laboratory. Caveny identified State's Exhibit No. 1, bearing his initials, as the one containing a substance which he examined for Keyes. The substance was found to be marijuana. The State then rested.

Bobby Joe Riggs, witness for defendant, testified that he was acquainted with the defendant and that on the 6th day of December, 1973, he, the defendant, and Greg Butler rode around town together. However, he heard no discussion concerning a meeting between defendant and Butler on the next day.

Danny Beltz testified that he was an attorney in Stroud, that defendant had been in his Scout troop and that he believed defendant had a generally good reputation in the community. Mrs. Carl W. Buchanan, defendant's sister-in-law, testified that defendant's reputation in the community was good.

The defendant then took the stand and testified that he was nineteen (19) years of age and currently in the Air Force stationed at Ft. Worth, Texas, and at the times in question he was home on leave. Defendant testified that around noon on the 7th he and Butler were driving around town after playing pool together when Butler told him that he, Butler, was wanted by the police. Butler stated that no one trusted him and asked defendant if he had any marijuana that Butler could buy. Defendant stated:

"* * * And, I said, no, I just had one ounce that I had for my personal use. And he said, 'Well, will you let me have it?' I said, 'No,' because I paid $10.00 for it, and it would have just been money out of my pocket if I had let him have it. So he asked, 'Well, if I give

you $10.00, will you let me have it because maybe you can get some more?'" Defendant testified that he let Butler have the marijuana for the $10.00.

The defendant's first proposition in error essentially urges that the trial court erred in overruling defendant's motion to set aside and quash the information for the reason that the evidence submitted at the preliminary hearing was insufficient to bind the defendant over for trial. In particular, the defendant urges that the examining magistrate erred in admitting State's Exhibit No. 1, the evidence envelope with the baggie of marijuana inside, for the reason that no proper chain of possession was shown.

Although a transcript of the preliminary hearing was not included in the record before this Court, it is our opinion after a careful reading of the defendant's brief that the contention is without merit. The defendant urges that the chain of possession as constructed at the preliminary hearing was not continuous since the chemist testified that he analyzed the contents of the envelope on the 20th of December, 1973, and there was not further testimony as to the possession of the exhibit between that date and the date of the preliminary hearing. Defendant further notes that Chief Keyes testified that the evidence envelope was delivered to the Crime Bureau on the 7th of December while the Chief's notation on the envelope reflected the date to be the 8th.

It is our opinion, however, that there was sufficient evidence for the examining magistrate to conclude that a public offense had been committed and that there was reasonable cause to believe the defendant had committed same. Evidence at the preliminary examination need not be sufficient to support a conviction. Enoch v. State, Okl.Cr., 495 P.2d 411. The evidence was delivered to the laboratory, properly stored, and analyzed. The chemist testified that the substance was marijuana and Chief Keyes adequately explained the erroneous date notation. Defendant's first proposition is without merit.

Defendant next contends that the trial court committed reversible error in permitting the State to cross-examine defense witness Riggs as to other facts tending to show other unlawful activity on the part of the defendant and for which the defendant was not on trial. The record reflects that on cross-examination Riggs testified that on the evening of the 6th he, Butler, and the defendant were driving around and that they were smoking some marijuana provided by the defendant. In the instant case it is not necessary for this Court to determine whether the cross-examination complained of is erroneous. The defendant admitted on the stand that he had given a lid of marijuana to Butler on the 7th in exchange for $10.00. The jury assessed punishment at the minimum provided by law. Therefore, should said cross-examination constitute error it would certainly be harmless in the instant case. Therefore, the defendant's second proposition is without merit.

Defendant's last contention urges that the defendant was entrapped and the verdict was contrary to the evidence. However, the trial court properly instructed the jury concerning the defense of entrapment. There was conflicting evidence presented at trial and we have held on many occasions, as in Humphreys v. State, Okl.Cr., 512 P.2d 197, that the resolution of a question of entrapment on controversial evidence is a factual question for the jury. Considering the record as a whole, it is our opinion that there was sufficient evidence presented to support the verdict of the jury.

For all the reasons set out above, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, P. J., dissents.