Frank D. BRADLEY, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15199.

Court of Criminal Appeals of Oklahoma.

May 21, 1971.

Charles V. Foor, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

This is an appeal from a conviction for the sale of marijuana. Frank D. Bradley, Jr., plaintiff in error, hereafter referred to as defendant, was tried by a jury in the District Court of Muskogee County, Oklahoma, in Case No. 11334; the jury returned a verdict of guilty and assessed defendant's punishment at imprisonment for three (3) years. This appeal has been perfected from that conviction. The information alleged the sale of marijuana to have been made on February 16, 1968. In three other separate offenses, Case Nos. 11332, 11333 and 11335, defendant entered pleas of guilty; and by agreement, the validity of those pleas was agreed to be determined by the results of this appeal.

Defendant plead guilty in Case No. 11333 for the sale of marijuana consummated on February 6, 1968; another sale in Case No. 11335 on February 15th—different from the one for which defendant stood trial in this appeal—which was consummated about 9:30 P.M. on February 15, 1968; and he plead guilty in Case No. 11332 to a possession of marijuana charge, which was committed on February 22, 1968. In each case defendant was sentenced to serve three years; the trial court provided that three of the four judgments and sentences would run concurrently; however, in Case No. 11333, the court provided that the three year sentence was to run consecutively to the others.

The convictions in which defendant entered his pleas of guilty are not specifically at issue in this appeal and will not be discussed, except for the sale of marijuana about 9:30 P.M. on February 15, 1968, to distinguish it from the subsequent sale early the next morning.

About 9:30 P.M. on February 15, 1968, Oklahoma Crime Bureau Agent Eddie Thomason purchased from defendant a fourth of a Prince Albert can of marijuana for the sum of Fifteen ($15.00) Dollars. The agent's partner, Charles Ryan, told defendant he would like to purchase some marijuana; so defendant agreed, for the sum of Fifty ($50.00) Dollars, to deliver a Prince Albert can of marijuana to him at his room in the Holiday Inn at Muskogee. Thereafter, about 2:30 A.M. on the morning of February 16th, defendant delivered and sold the marijuana to Agent Ryan for the sum of Fifty ($50.00) Dollars. It was this sale for which defendant stood trial, and was convicted.

Defendant's first proposition of error asserts that the trial court committed error when Agent Ryan testified concerning other dates and transactions with defendant, and more specifically those dates of February 6th and 15th, 1968. As we review the record, defendant's contention is without merit. Referring to the February 6th incident, Agent Ryan testified that the first time they came into contact with the defendant was about 10:00 P.M., February 6, 1968, at Leo's Tavern in Muskogee. He testified that they played pool together and

talked, but he did not assert that a sale occurred on that date.

■ With reference to the testimony concerning contact with defendant about 9:30 P.M., February 15, 1968, when the partial can of marijuana was delivered and paid for, that testimony falls within the exceptions to the rule showing the existence of a scheme or plan for the illegal sale of marijuana and was admissable toward proof for the offense charged in this information alleged to have occurred some five hours later. When that delivery and sale was consummated, Agent Ryan agreed to pay Fifty Dollars for some more marijuana.

In support of his contention, defendant cites Titsworth v. State, Okl.Cr., 368 P.2d 526 (1962), and Riddle v. State, Okl.Cr., 373 P.2d 832 (1962), asserting that the officer's testimony constitutes an "evidentiary harpoon"; and that the witness should have known better than to mention the other incidents. We fail to find any reference to a sale of marijuana on February 6th; and the one which occurred on the following 15th of that month was clearly pertinent testimony to the case being tried. We observe from the record also that defense counsel intentionally verified the February 6th sale, when he cross-examined the officer.

■ Next, defendant asserts that the trial court should have granted his motion for a directed verdict, and should have held as a matter of law that the doctrine of entrapment was applicable. We do not agree. Defendant admitted that he was a user of marijuana. The fact that he had no previous criminal record, except for misdemeanors, and was not widely known as a marijuana seller and was not known as an "addict," is not sufficient to state as a matter of law that he was entrapped in this sale. In this case the officer merely furnished the opportunity for defendant to commit the crime; defendant already possessed the requisite criminal intent, while making another delivery. See: McCart v. State, Okl.Cr., 435 P.2d 419 (1967); and Shook v. State, Okl.Cr., 453 P.2d 332 (1969).

Defendant's complaint concerning the trial court's instructions to the jury comes too late. The record reflects that the court's instructions were properly settled between counsel; and that defense counsel made no objections, nor offered any recommended instructions on the defense of entrapment. Further, we have reviewed the court's instructions and find them to be sufficient. See: Savage v. State, Okl.Cr., 304 P.2d 344 (1956).

We have reviewed defendant's complaint concerning the prosecutor's closing argument, when he referred to defendant's admitted use of marijuana; and we do not find his argument to be prejudicial as defendant asserts. Defendant offers no citation of authorities in support of this proposition, so this proposition is denied.

After considering the record and briefs before the Court we conclude that defendant received a fair trial and due process; and finding no reversible error, we are of the opinion the judgment and sentence imposed in the District Court of Muskogee County, Case No. 11334, sentencing defendant to three years imprisonment should be, and the same is therefore, affirmed. In accordance with the stipulation between the parties concerning defendant's pleas of guilty in the three other cases, each is therefore affirmed. Defendant's judgments and sentences in the Cases Nos. 11332 and 11335, are ordered to be served concurrently with Case No. 11334, as directed by the trial court. Judgment and sentence in Case No. 11333 is ordered to be served consecutively at the conclusion of the other judgments and sentences referred to herein.