**Terry McCULLAR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17987.**

Court of Criminal Appeals of Oklahoma.

April 3, 1973.

Jim Merz, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

BLISS, Presiding Judge:

In the District Court of McIntosh County, Case Nos. N–72–351 and N–72–352, appellant appealed de novo, convictions entered against him in the Municipal Court of Checotah, Oklahoma. These were convictions for the offenses of Malicious Injury to Property, Resisting Arrest, Public Drunk, Profanity, and Interfering with a Police Officer. Appellant was assessed a

fine of fifty dollars ($50.00) upon the Malicious Injury to Property offense and nineteen dollars and ninety-five cents ($19.95) per offense on the remaining convictions. From that judgment and sentence, he has attempted an appeal to this Court.

Defense counsel raises one proposition of error which we will not consider in this appeal as the petition in error is fatally defective and does not invoke the jurisdiction in this Court. The pertinent content of counsel's petition in error in Case No. 17,986, in substance the same in A–17,987, reads as follows:

### "PETITION IN ERROR

#### I.

This appeal is from the District Court of McIntosh County, Oklahoma, same being the State of Oklahoma v. Terry McCullar, Case No. N–72–351.

#### II.

The appellant was convicted of the offense of Malicious Injury to Property. (21 O.S.A. § 1760.)

#### III.

Judgment and sentence was imposed on September 8, 1972, and the Court fined · the appellant the sum of fifty dollars ($50.00) and ordered him to pay costs.

#### IV.

*A motion for a new trial was not filed on behalf of the appellant.*

#### V.

Appellant has posted a two hundred dollar ($200.00) bond as required by the trial court and he is free on this bail.

#### VI.

The appellant contends that the trial court erred in the following particulars, to-wit:"

Title 22 ch. 18, App. Rule 2.4 states as follows:

"A. Petition in Error. The plaintiff in error's petition in error must contain the following:

1. Trial court from which appeal is being lodged.

2. Crime for which plaintiff in error was convicted.

3. Judgment and sentence imposed and date thereof.

4. *Date motion for new trial filed and date denied.* '

5. Amount of bail and whether or not plaintiff in error is free on bail or incarcerated.

6. Errors of law urged as having been committed during the·trial.

7. Nature of relief plaintiff in error seeks."

The question before this Court is addressed to whether a petition in error which states a motion for new trial was not filed on behalf of the defendant meets the mandatory requirement of Rule 2.4 which on the fourth numerically designated line requires the petition in error designate the date the motion for new trial was filed and the date it was denied. It is this Court's construction of Rule 2.4, in light of the language "The plaintiff in error's petition must contain the following:" to require the enumerated information listed in this rule be contained in the petition in error before the jurisdiction of this Court is invoked. A petition in error which states no motion for new trial was filed does not comply with the requirement of setting forth the date of filing of the motion for new trial and the date it was denied. The mandate of the rule has not been complied with rendering the petition in error fatally defective. The jurisdiction is not invoked in the same manner as it is not invoked with an untimely filing.

Title 22 Ch. 18, App. Court Rule 2.3, subd. B states as follows:

"Motion for New Trial. Motion for new trial should be filed before the date set for imposition of judgment and sentence; however, the trial judge, for good cause shown, may allow such mo-

tion to be filed within thirty (30) days after the date of judgment and sentence."

The above rule sets forth a reiteration of Title 22 O.S.1971 § 953 and prescribes the proper filing procedure for a motion for new trial. The declaration in the petition in error as to date of filing must be in compliance with Rule 2.3, subd. B or the petition will maintain the same standing as the petition in the case at bench. We recognize there has been much confusion arising from past decisions of this Court regarding the affect of the motion for new trial in perfecting an appeal. Rule 2.4 by implication recognizes the requirement of filing a motion for new trial and the necessity of allowing the trial court a final study of the issues before an appeal may be perfected. For this reason and for the reason that prior decisions have been decided under different rules, we expressly overrule all contra authority.

BRETT and BUSSEY, JJ., concur.