Timothy Shawn BOGUE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–288.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1976.

As Corrected Nov. 12, 1976.

Rehearing Denied Nov. 15, 1976.

Ronald G. Franklin, Johnston, Franklin & Hladik, Enid, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

Appellant, Timothy Shawn Bogue, hereinafter referred to as defendant, was charged in the Garfield County District Court, Case No. CRF–75–537, for the offense of Unlawful Delivery of a Controlled Drug. Following preliminary hearing on the 30th day of June, 1976, the defendant entered a plea of Former Jeopardy as provided in 22 O.S.1971, § 513. The defendant waived a jury trial and stipulated to the attendant facts of the case, whereafter the trial court overruled the plea of Former Jeopardy and found the defendant guilty as charged. The defendant was sentenced to a term of imprisonment of five (5) years with the last two (2) years to be suspended. Said sentence was directed to run concurrent with that the defendant received in Case No. CRF–75–536. From

this judgment and sentence a timely appeal has been perfected to this Court.

The issue on appeal is whether the constitutional proscription against double jeopardy is violated in the instant case by the defendant's prosecution and conviction for Unlawful Delivery of a Controlled Drug to Craig Spraggins, Case No. CRF–75–537, after having entered a plea of guilty in Case No. CRF–75–536 for Unlawful Delivery of a Controlled Drug to John Kelson, when the delivery of the drugs occurred one following the other with no substantial interval of time between the delivery to Spraggins and the delivery to Kelson.

The facts, as stipulated to by the parties, establish that on the 21st day of February, 1975, in Enid, Oklahoma, a confidential informant introduced Agent Kelson and Agent Spraggins, of the Oklahoma State Bureau of Investigation to the defendant for the purpose of arranging for the purchase of drugs. A purchase was arranged whereafter the agents proceeded to Winchell Donut Shop and met the defendant for the delivery and sale of the drugs. At the donut shop the agents entered the defendant's car and the defendant delivered to Agent Kelson, ten (10) blue capsules, later determined to be amobarbital, and also delivered to Agent Spraggins five (5) green capsules later determined to be butabarbital. The defendant was later arrested and charged in CRF–75–536 for Unlawful Delivery of Controlled Drug, a Barbiturate and charged in CRF–75–537 for Unlawful Delivery of Controlled Drug, a Barbiturate. The defendant entered a plea of guilty in CRF–75–536. Defendant entered a plea of Former Jeopardy in the instant case.

■ We observe the record is devoid of any evidence to establish that defendant filed a motion for a new trial prior to or subsequent to the imposition of judgment and sentence in this case. A motion for new trial must be filed in the trial court in accordance with Rule 2.3 of the Rules of this Court, for an appeal to this Court to be properly perfected. See *McCullar v.*

*State,* Okl.Cr., 509 P.2d 137 (1973). However, assuming the appeal to be properly perfected, the record fails to sustain the defendant's contention that he has been placed in double jeopardy.

■ ■ Certainly no person should be twice put in jeopardy of life or liberty for the same offense nor subjected to a second prosecution for an offense for which he has been prosecuted and duly convicted and acquitted except as in provided for new trials. The Oklahoma State Constitution, Article II, Section 21, 22 O.S.1971, § 14, and the Fifth and Fourteenth Amendments of the United States Constitution. Generally in determining the viability of a double jeopardy claim the courts have utilized what has been described as "the same evidence test and the same transaction test or a variation of the two." See *Branch v. Mills,* Okl.Cr., 500 P.2d 590, and *Stockton v. State,* Okl.Cr., 509 P.2d 153.

■ In 28 C.J.S.Supp. Drugs and Narcotics § 171, the general principle is stated:

"Where two different drugs, or drugs of different classes, are possessed, sold, or offered for sale, two separate offenses may be committed . . ."

Two distinct sales of a drug would be no less distinct and separate offenses as possession or sale of two different drugs. See *Bennett v. State,* 130 Ga.App. 510, 203 S.E. 2d 755 and *Melby v. State,* 70 Wis.2d 368, 234 N.W.2d 634. However, contra, see *State v. Butler,* 112 N.J.Super. 305, 271 A.2d 17.

■ In the instant case the double jeopardy claim cannot be sustained on either the same evidence test or the same transaction test. Certainly the evidence necessary to convict upon the delivery to Agent Kelson as charged in CRF–75–536 would not support the charge of delivery to Agent Spraggins in Case No. CRF–75–537. Nor can the sales in the instant case be considered to be the same transaction so proximate in time that but one offense was committed. Defendant committed two distinct offenses by delivering drugs in them-

selves of different physical states, to two different individuals at two different times. The first sale had been consummated and the second sale and delivery of drugs, however closely following, was the initiation of a separate and distinct sale. See *Blockburger v. U. S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

For the above and foregoing reasons the judgment and sentence appealed from is, accordingly, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.