Cleo HILL, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-547.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1977.

Stephen W. Smith, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Cleo Hill, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Okmulgee County, Case No. CRF–75–134, of the offense of Robbery In the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 791. His punishment was fixed at fifty (50) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Hazel A. Dunham testified that on July 11, 1975, she and her husband operated a grocery store in Okmulgee, Oklahoma. At approximately 5:00 p. m. she was in the living quarters at the back of the store when she heard a voice which she did not recognize coming from the front. She walked into the store and observed a black male with an arm around her husband's neck, holding a knife to his throat. He ordered her to close the doors to the store. He then pushed her husband into a closet and pushed a divan against the door. He forced Mrs. Dunham to lie on the divan and tied her hands and feet. She testified that he then removed her 50th wedding anniversary rings from her finger, after which he obtained a blouse from a chest of drawers in the back of the store and bound and gagged her. He took money from her purse, her husband's billfold and the cash register, and then left. Her husband kicked a hole in the sheetrock and upon getting out of the closet cut her loose. She testified that she observed the black man for at least ten minutes. He wore a sloppy looking hat and had a scar on the left side of his face. She identified that person as the defendant. She testified that she believed he had been in the store a couple of weeks earlier with three boys from the junkyard.

On cross-examination she testified that she was 78 years of age. She was unsure of the robber's height and weight. She further testified that she primarily identified the defendant as the perpetrator of the offense based on the scar on the left side of his face.

The testimony of J. O. Dunham, deceased, taken at the preliminary hearing was read to the jury. Mr. Dunham testified that on July 11, 1975, "this colored fellow right here," came into his grocery store with an umbrella in his hand, stating that he wanted a box of .22 shells and some .38 shells. He jumped on Dunham's back and put a knife to his throat. He demanded money from the cash register. Mr. Dunham's testimony thereafter substantially corroborated the testimony of Mrs. Dunham.

Captain Fred Baker of the Okmulgee Police Department testified that he investigated the robbery of the Dunham grocery on July 12, 1975. Baker obtained a latent fingerprint from a chest of drawers in the living quarters of the store, which he delivered to James Looney, fingerprint technician, of the Oklahoma State Bureau of Investigation.

James Looney testified that he was an Identification Officer with the Oklahoma State Bureau of Investigation. He compared the fingerprint obtained from Captain Baker with a known sample of defendant's fingerprints and was of the opinion that the print matched the right thumb of the defendant.

For the defense, Billy Joe Sandford testified that on July 11, 1975, he and defendant shared an apartment. He stated he was in the apartment with defendant from 4:50 p. m. until approximately 5:10 p. m. on July 11, 1975. On cross-examination he testified that he had paid several fines in Municipal Court.

Officer Thomas Johnson, of the Okmulgee Police Department, testified that he

observed the defendant walking across the parking lot of Neal's Thrif-T-Wise store between 5:30 p. m. and 5:45 p. m. on the date in question.

Arthur Holleman, owner of the company for which Mrs. Dunham believed the defendant to be working several weeks prior to the robbery, testified that defendant was not employed by his company in 1975. He stated that on occasion they did call the State employment office for extra help.

Leroy Hatfield, manager of the Oklahoma State Employment Service Office, testified that his records for the year of 1975 did not reflect that defendant was ever sent to the Holleman Iron and Metal Company for temporary employment.

In rebuttal, Captain Fred Baker was recalled and testified that he walked from where the defendant was observed, by Officer Johnson, to the Dunham grocery which took him eleven minutes, walking at a normal pace.

■ Defendant asserts in his first assignment of error that the trial court erred in failing to grant his motion for a directed verdict at the close of the trial. We must disagree.

From the foregoing statement of facts it is readily apparent that there was competent evidence introduced by the State which reasonably tended to show that the offense of armed robbery was committed, and that the defendant was guilty thereof. Under such circumstances the trial court properly overruled defendant's motion for directed verdict. See, *Faggard v. State,* 3 Okl.Cr. 159, 104 P. 930 (1909).

■ Defendant next contends that the trial court erred in allowing the State to impeach the credibility of his main alibi witness by the use of bond forfeitures in a municipal court not of record. We concur with defendant's contention.

We have previously held that bond forfeitures in a municipal court are not convictions in that they do not terminate the criminal proceedings against an accused. See, *Torbett v. State,* Okl.Cr., 449 P.2d 725 (1969). We are of the opinion, however, in view of the overwhelming evidence of defendant's guilt, that the improper impeachment was not so prejudicial as to constitute reversible error. In *Torbett v. State,* supra, at 727, we stated:

"While we are of the opinion that the Court's decision affirming the conviction in *Le Blanc v. State,* supra, was correct, we are constrained to think that in the light of the overwhelming guilt of the defendant, as reflected by the record in that case, the Court should have recognized that while it was error to allow the prosecutor to elicit from the defendant testimony relating to prior bond forfeitures in Municipal Court, such error was not so prejudicial as to require a reversal. . . ."

■ Defendant next asserts that the trial court erred in overruling his motion for mistrial because the prosecuting attorney interjected his own personal opinion as to his guilt. The alleged improper statement by the Assistant District Attorney appeared in the record as follows:

". . . And then I asked you if you would hesitate to enforce in this case, assuming that the State met its burden of proving the Defendant's guilt beyond a reasonable doubt and you said there was none. I submit to you the proposition right now that the State has proven its case against the Defendant beyond a reasonable doubt, if in fact the State hasn't proved this case beyond any doubt.[1]

"MR. SMITH: Permission to approach the bench.

"THE COURT: All right.

"(WHEREUPON, AT THIS POINT, THE FOLLOWING DISCUSSION WAS

---

1. The remark of the prosecutor was not a comment on his personal opinion but related only to the evidence presented at the trial, which was well within the scope of argumentation which permits a comment on the evidence and the reasonable inferences to be drawn therefrom. His remark that the State had proven the defendant's guilt was a comment on the State's evidence.

HAD AT THE BENCH, OUT OF THE HEARING OF THE JURY:)

"MR. SMITH: The Defendant moves for a mistrial because the State prosecutor has just interposed his own opinion into the closing argument. There was no reference to evidence of any doubt and the Defendant moves for a mistrial.

"THE COURT: Overruled." (Tr. 92–93)

■ We have previously held that in order to raise objections to alleged improper remarks in closing argument, defense counsel must not only object to the remarks complained of, but request the court to admonish the jury not to consider them. In the recent case of *Harris v. State*, Okl.Cr., 555 P.2d 76 (1976), we cited with approval *Hathcox v. State*, 94 Okl.Cr. 110, 230 P.2d 927 (1951), as follows:

" 'Counsel for a defendant must not only object to alleged improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose, unless the remarks were of such a character that the error would not be cured by a withdrawal of the remarks.' "

■ Defendant lastly contends that the prosecuting attorney improperly inferred, during his closing argument, that Mr. J. O. Dunham had identified the defendant as the perpetrator of the robbery. We have carefully examined the alleged improper remarks and are of the opinion that they fall well within the rule as stated in *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964), wherein we stated, in the eighth paragraph of the Syllabus that:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom."

The record reflects that the defendant stipulated that "this is a true and correct copy of the testimony of Mr. Dunham given at the preliminary hearing and that he is now deceased." (Tr. 40) Mr. Dunham identified the person who committed the robbery at the preliminary hearing as follows:

"A. About 5:00 o'clock, I was just fixing to close up and this fellow came walking in my store with an umbrella in his hand.

"Q. With a what?

"A. An umbrella, a green looking umbrella.

"Q. Excuse me, if you will just let me interrupt you here. You just said this fellow?

"A. Yes sir.

"Q. Who are you pointing to?

"A. This colored fellow right here." (Tr. 43)

We thus conclude that it was not improper for the District Attorney to comment that Mr. Dunham had, in fact, identified the defendant as the robber.

For the foregoing reasons, the judgment and sentence is *AFFIRMED*.

BLISS and BRETT, JJ., concur.