Linzy Lee HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. F–77–420, F–77–449.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1979.

John T. Elliott, Public Defender, Oklahoma County, Frank Muret, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

On November 16, 1976, the appellant, Linzy Lee Hill, hereinafter referred to as defendant, was tried by jury in the Oklahoma County District Court, Case No. CRF–76–849, for Distribution of a Controlled Dangerous Substance, Phentermine, in violation of 63 O.S.Supp.1977, § 2–401. A guilty verdict and sentence of ten (10) years' imprisonment was returned (appeal No. F–77–420).

Defendant was also charged in the District Court, Oklahoma County, Case No. CRF–76–851, with Distribution of a Controlled Dangerous Substance, Cocaine, in violation of 63 O.S.Supp.1977, § 2–401. Trial by jury was had on December 9, 1976, a verdict of guilty was returned, and punishment was assessed at fifteen (15) years' imprisonment (appeal No. F–77–449).

As noted above, both cases were tried separately and have been appealed separately, however, they revolve around a common nucleus of facts and issues, and we therefore have consolidated them for the purposes of this appeal.

The State's evidence in both cases consisted primarily of the testimony of narcotics agent Troy Leathers. He stated that he was introduced to the defendant by an informant on January 27, 1976. He further averred that on that date he purchased 1,000 double scored white tablets from the defendant for $135.00, which purportedly contained amphetamine but which a forensic chemist later identified as containing phentermine, also a stimulant. On January 27, agent Leathers discussed with defendant future transactions. On the following day, January 28, 1976, after speaking with the defendant several times by telephone, agent Leathers was able to arrange and complete the purchase from defendant of an additional 1,000 phentermine pills as well as four "spoons" of cocaine, worth $100.00 each.

Case No. CRF–76–849 (F–77–420) concerned the sale of the phentermine tablets on January 27. Case No. CRF–76–851 (F–77–449) concerned the sale of cocaine on January 28.

The defendant's assignment of error in both cases is that the trial court erred in permitting the State to put on evidence of the prior phentermine sale in the trial of the subsequent cocaine sale and vice versa. We agree.

█ Evidence of crimes other than the one charged is generally inadmissible, with

certain exceptions. *Roulston v. State,* Okl. Cr., 307 P.2d 861 (1957). These exceptions are: (1) intent; (2) motive; (3) identity; (4) absence of mistake or accident; and, (5) common scheme or plan embracing the commission of. two or more crimes such that proof of one is facilitated by proof of the other. The State urges that evidence of the previous sale of phentermine in the cocaine case and evidence of subsequent sale of cocaine in the phentermine case was admissible under three of the exceptions noted above, to wit, intent, identity and common scheme or plan.

■ Concerning intent, the State urges that the fact that the defendant sold phentermine on January 27 demonstrates that he sold cocaine on the 28th with the requisite criminal intent and vice versa. The State cites *Holman v. State,* 97 Okl.Cr. 279, 262 P.2d 456 (1953), wherein the defendant was charged with assault with intent to kill, and the court permitted the State to show three prior altercations as tending to demonstrate that the defendant had the requisite intent to kill. It must be noted, however, that the crime of assault with intent to kill involves specific criminal intent. The crimes charged here involve no specific criminal intent but merely an intent to perform the prohibited acts. The defendant need not have intended to distribute cocaine or phentermine in order to be guilty of so doing, provided that he intended to distribute what he believed to be an illegal narcotic of some sort. That this is so is demonstrated by the facts of this case. According to agent Leathers, the pills received from the defendant were represented to be amphetamine, although upon chemical analysis they proved to be phentermine. The defendant was charged with distributing phentermine.

Had the defendant been charged with possession of a controlled substance with intent to distribute then perhaps it would have been permissible to show previous or subsequent sales, relatively contemporaneous in time and place, as these would bear directly on the intent with which the drugs were possessed. But in cases such as these where the crime charged is distribution, proof of a previous or subsequent sale only demonstrates that defendant had the general criminal intent to engage in the occupation of drug dealer. As such, proof of the other sale comes squarely within the prohibition against convicting of defendant on the basis of crimes other than the one presently on trial.

■ We are also of the opinion that in each case evidence of the other transaction was inadmissible to prove the identity of the defendant. A review of the transcript reveals that agent Leathers made positive identification of defendant in each case. Additionally, in each case the State had several backup officers who observed the defendant enter the "undercover apartment." In *Roulston v. State,* supra, we stated:

> ". . . It has been held in many jurisdictions where the identity of the accused is established by other evidence and therefore, is no longer an issue, it is improper to admit evidence of other crimes for the purpose of proving identity. . . ." (307 P.2d at 872, citations omitted)

*Roulston* also states that evidence of other crimes is admissible when it establishes a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. In its brief, the State contends that "clearly in the instant case the drug transaction occurring on a day preceding was simply part of a systematic scheme to obtain money through the sale of controlled dangerous substances . . . ."

Recently, in *Atnip v. State,* Okl.Cr., 564 P.2d 660 (1977), we reversed a conviction for burglary after the State had been allowed to prove at trial the commission of numerous other unrelated burglaries by the defendant. To allow the State to prove the commission of other crimes by a defendant simply because all of them, including the one charged, were committed in order to obtain money would destroy the general rule against admitting evidence of other crimes. Defendant undoubtedly was engaged in a plan or scheme to sell drugs for

money, and further the scheme undoubtedly embraced both crimes and so was "common" to them. But merely establishing a common scheme is not enough. Rather, it must be shown as a matter of law that proof of one tends to establish the other.

■ The State recommends our attention to *Bradley v. State,* Okl.Cr., 485 P.2d 767 (1971). Therein, defendant sold marihuana to one agent and at the same time told the agent's partner that he would later supply marihuana to him. The factual situation herein is similar. During the first transaction occurring on the 27th, arrangements were partially completed for the second transaction. In *Bradley,* this Court reasoned that a common scheme or plan had been established and that therefore evidence of the first sale was admissible in the trial of the second. The Court gave no consideration to whether or not proof of the one sale tended to establish the other, and we are therefore of the opinion that *Bradley v. State,* supra, and the cases following it must be overruled because the cases in this and other jurisdictions clearly indicate that proof of a common scheme or plan alone does not justify admission of evidence of "other crimes." *Roulston v. State,* supra, and *Atnip v. State,* supra. Rather, it must be shown to the trial court's satisfaction that proof of the other crime tends to establish the crime charged. We emphasize that the other crime must tend to establish the one on trial in some material way, and not merely establish that the defendant has criminal ways.

■ In our view of this case, there was nothing about the transaction on the 27th which in any way tended to prove any element of the crime which occurred the following day. Likewise, nothing about the cocaine sale tended to establish the previous phentermine transaction. In each case, proof of the other sale merely showed that the defendant had a propensity to commit drug related offenses. The rule proscribing evidence of other crimes was designed to exclude proof of exactly this sort in order to insure that those accused of crime are not convicted on mere prejudice.

The defendant next argues in each case that the trial court erred in failing to require the State to disclose the name of the confidential informant and to further disclose the address of the informant, as the informant was a material witness and participated in the crime.

■ It is the general rule in this jurisdiction that the government is privileged to withhold from an accused the identity of an informer unless the identity of the informer is necessary and relevant to the defense. *Corbett v. State,* Okl.Cr., 527 P.2d 200 (1974). Whether disclosure is compelled in a particular case is a matter for the discretion of the trial court. *Kovash v. State,* Okl.Cr., 519 P.2d 517 (1974). The mere possibility than an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Moreover, if the evidence is not constitutionally material, absent a timely demand, any right to disclosure is waived. *Corbett v. State,* supra.

■ In the case at bar, the informant did not participate in the offenses for which the defendant now stands convicted, and was physically present during only one of the transactions. The defendant has failed to establish that the testimony of the informant was necessary for a fair defense, nor do the facts indicate such was the case. Because testimony of the informant clearly lacks materiality or relevancy, any right to such disclosure may be waived by timely request. It is apparent from the record that the defendant knew the identity of the confidential informant, which was revealed during trial. There is no indication in the record that the defendant made a timely request for the identity prior to the trial, nor did the defendant attempt to subpoena the witness or request a continuance during the trial in order to secure her attendance at trial. *Davis v. State,* Okl.Cr., 560 P.2d 1051 (1977). In light of these facts, we find that the trial court committed no error.

█ As his third assignment of error, the defendant contends that the trial held on November 16, 1976, in which he was convicted of distribution of phentermine, precluded the trial on December 9, 1976, in which he was convicted of distribution of cocaine, because the second trial violated his right not to be placed twice in jeopardy.

It is abundantly clear from the record that the factual circumstances giving rise to the convictions in question involved the sales of two different controlled substances and occurred on two different dates. As stated in *Bogue v. State,* Okl.Cr., 556 P.2d 272 (1976), where two different drugs are offered for sale, two separate offenses may be committed. Moreover, unless the offense in its entirety is a necessary element of another offense, an acquittal or conviction of one is not a bar to prosecution for the other. *Warthen v. State,* Okl.Cr., 559 P.2d 483 (1977). The two offenses were not identical in law and in fact and, therefore, no error was committed in convicting the defendant of both defenses.

█ The defendant contends in his fourth assignment of error that the prosecutor committed error by improperly cross-examining the defendant during the November 16 trial. The alleged objectionable questions asked by the prosecution concerned the defendant's past criminal convictions. We find from the record that error, if any, was invited by defense counsel in his direct examination of the defendant when defendant opened the door to the subject of his past "problems" with the police. *Murray v. State,* Okl.Cr., 562 P.2d 1157 (1977). Therefore, we find this assignment of error to be without merit.

Defendant next contends that the trial court erred in permitting improper rebuttal testimony to be admitted at the trial held on November 16. We need only note that the defendant failed to timely object to the rebuttal testimony herein complained of and, thus, failed to preserve this proposition for review on appeal. *Gaines v. State,* Okl. Cr., 568 P.2d 1290 (1977); *England v. State,* Okl.Cr., 560 P.2d 216 (1977). Finding no prejudice created by this testimony, *Tharps*

*v. State,* Okl.Cr., 555 P.2d 1054 (1976), we find this contention to be without error.

█ As his final assignment of error, the defendant contends that the prosecutor committed prosecutorial misconduct in his closing argument in the trial of November 16, 1976. After a careful reading of the record, we find that although defendant objected to the now complained of closing remarks, he failed to request an admonition by the court directed to the jury not to consider such remarks. As often stated in this situation, a defendant must not only object to alleged improper remarks, he must go further and move the court to exclude such remarks from the consideration of the jury, unless the error could not be cured by a withdrawal of the remarks. *Hill v. State,* Okl.Cr., 560 P.2d 213 (1977). Finding no fundamental error, we hold this proposition to be without merit.

█ Now, therefore, after considering the assignments of error asserted by the defendant, we conclude that the defendant's first assignment of error is sufficient to cause a modification of the sentences imposed.

It is therefore ordered that the defendant's sentence in Case No. CRF–76–849 (F–77–420) shall be MODIFIED from ten (10) years to five (5) years' imprisonment, and as modified that judgment and sentence is AFFIRMED. It is further ordered that the sentence in Case No. CRF–76–851 (F–77–449) shall be MODIFIED from fifteen (15) years to ten (10) years' imprisonment, and as modified the judgment and sentence is AFFIRMED.

CORNISH, P. J., concurs.

BUSSEY, J., concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part:

I would affirm the convictions without modification. I believe that the evidence of the sale of Phentermine was admissible in the cocaine trial, and that of the sale of cocaine in the Phentermine trial. See *Lew-*

*is v. State,* Okl.Cr., 528 P.2d 741 (1974) and *Bradley v. State,* Okl.Cr., 485 P.2d 767 (1971). The better practice would have been to charge the defendant by separate counts in a single information in the manner suggested by Judge Brett in his concurring opinion in *Dodson v. State,* Okl.Cr., 562 P.2d 916 (1977), or to join the separate informations for a single trial.