Pauline LAMBERT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–109.

Court of Criminal Appeals of Oklahoma.

April 3, 1980.

Carol J. Russo, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Patricia R. Demps, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The 87-year-old appellant was convicted in the District Court of Tulsa County, Case No. CRF–77–2065, of the offense of Pandering and was sentenced to three (3) years' imprisonment and a fine of One Thousand ($1,000.00) Dollars.

Pursuant to information of prostitution activity received by the Tulsa Police Department, Officer Janice Beeler contacted the appellant by telephone on August 3, 1977, seeking employment. She was told by the appellant to come to the May Hotel the next day to start work. On August 4, 1977, Officer Beeler went to the hotel and made arrangements with the appellant to begin employment immediately. The appellant described the type of work the officer would be required to do and how much money she would receive for doing it. This conversation, which started the chain of events leading to the appellant's arrest, was monitored by two detectives located in a vehicle outside the May Hotel.

The third man to enter the hotel was directed to the officer's room. He made sexual advances toward her and paid her $15.00. Before any further activity occurred, Officer Beeler took the man's $15.00 to the appellant. Officer Beeler then let the detectives into the premises, and they arrested the appellant and confiscated the money.

The appellant first argues it was error for the trial court to overrule the demurrer, the motion to quash, and the motion to dismiss because the State failed to prove the elements of the pandering statute, 21 O.S.1971, § 1081, which provides:

"Any person who shall procure a female inmate for a house of prostitution, or who, by promise, threats, violence or by any device or scheme shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution; or shall procure a place as inmate in a house of prostitution for a female person; or who shall, by promise, threats, violence, or by any device or scheme cause, induce, persuade or encourage an inmate of a house of prostitution to remain therein as such inmate; or who shall, by fraud, or artifice, or by duress of person or goods, or by abuse of any position of confidence or authority procure any female person to become an inmate of a house of ill-fame, or to enter any place in which prostitution is encouraged or allowed within this State, or to come into this State or leave this State for the purpose of prostitution, or who shall procure any female person, who has not previously practiced prostitution to become an inmate of a house of ill-fame within this State, or to come into this State or leave this State for the purpose of prostitution; or shall receive or give or agree to receive or give any money or thing of value for procuring or attempting to procure any female person to become an inmate of a house of ill-fame within this State, or to come into this State or leave this State for the purpose of prostitution, shall be guilty of pandering, and upon conviction for any offense under this article shall be punished by imprisonment in the state penitentiary for a period of not less than two years nor more than twenty years and by a fine of not less than three hundred dollars and not to exceed one thousand dollars." (Footnote omitted)

In *Taylor v. State*, Okl.Cr., 516 P.2d 1351 (1973), this Court quoted from the early case of *Abrams v. State*, 13 Okl.Cr. 11, 161 P. 331, 332 (1916), in which we said:

" 'The gist of this offense is not that a woman is in a house of prostitution, but that she has been procured or induced by some of the means named in the statute to enter or remain in a house of prostitution.' "

Applying the applicable law to the present case, the State clearly met its burden of proof. A careful reading of the transcript reflects that while the officer entered the hotel of her own volition, the appellant procured Officer Beeler to become an inmate of this house of prostitution by describing her duties, offering remuneration for certain acts, and requesting a certain portion of the fee. There was further persuasion on the appellant's part in that she sent Officer Beeler to a particular room to wait for a customer and thereafter sent a customer to her for the purpose of sexual intercourse for money. The fact of payment by the customer to the officer and the officer's carrying out of the agreement by transfer of the money to the appellant completed the statutory requirements for conviction under the pandering statute.

Further complained of on appeal is the allegedly erroneous admission of evidence of other crimes. The two other crimes referred to are the procurement of another to commit prostitution, 21 O.S.1971, § 1029, and operating a place of prostitution, pursuant to 21 O.S.1971, § 1028.

In *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977), we recognized the general rule that when a defendant is put on trial for one offense he is to be convicted, if at all, by evidence which proves that he is guilty of that offense alone. Evidence of prior or subsequent crimes is inadmissible. However, there are certain exceptions to prove: (1) intent; (2) motive; (3) identity; (4) absence of mistake or accident; and (5) common scheme or plan embracing the commission of two or more crimes such that proof of one is facilitated by proof of the other.

Concerning the last exception to the general rule, we said in *Hill v. State*, Okl. Cr., 589 P.2d 1073 (1979), that it must be shown to the trial court's satisfaction that proof of the other crime tends to establish the crime charged. We specifically emphasized in that case that the other crime must tend to establish the one on trial in some *material* way. We hold that the fact that the appellant was operating a house of prostitution and procuring another to commit prostitution tends to establish the crime of pandering in a material way. Therefore, the evidence of the other crimes was properly admitted.

For the above and foregoing reasons, the judgment and sentence of the trial court is *AFFIRMED*. The attorney for the appellant is further advised that he may apply to the District Court for a suspended sentence, pursuant to 22 O.S.1971, § 994.

BRETT and BUSSEY, JJ., concur.