**Michael Wayne ROBINSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–485.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1981.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Michael Wayne Robinson has appealed his conviction of Armed Robbery in Oklahoma County District Court, Case No. CRF–78–5253. Since all his assignments of error relate to his arrest and identification, some discussion of these events is necessary.

After a robbery had been committed at 3500 North Classen, in Oklahoma City, a confidential informant gave Oklahoma City Police Detective Robert Shahan the names of the robbers. The appellant was one of the men named. The informant also told Shahan that the appellant was involved in some other robberies, including one at 2300 North Broadway, in Oklahoma City. Detective Shahan then talked to one of the men named by the informant. That man admitted taking part in both the Classen and Broadway robberies, and said that the appellant had been involved in both of them. Based on this information, Detective Shahan ordered the appellant's arrest.

It later turned out that the victim of the Classen robbery was unable to identify any of the robbers; however, the appellant was not released. As a result of his conversations with the informant and the other robber, Detective Shahan now believed that the appellant had taken part in numerous other robberies in the Oklahoma City area. He talked to the appellant without giving him the *Miranda* warnings, and the appellant admitted his complicity in a number of robberies, including the one at 2300 North Broadway, in Oklahoma City. Concerning the Broadway robbery, the appellant said he had not been in the store at the moment it was robbed, having merely gone in to see whether there were any customers there. But the detective's investigation indicated that a man wearing what the appellant said he was wearing was in the store during the robbery.

The appellant was placed in a lineup, where the victim of the Broadway robbery identified him as one of the robbers in the store.

### I

■ At the trial the appellant sought to challenge the arrest and identification proceedings and the trial judge held an in camera hearing. During the course of the hearing the State announced its intention to claim a privilege and withhold the name of the confidential informant. In accordance with Laws 1978, ch. 285, § 510 (now 12 O.S.Supp.1980, § 2510), the trial judge interviewed the detective outside the presence of the appellant and both attorneys. He found that the informant was reliable and upheld the arrest and the lineup. The appellant challenged the constitutionality of Section 2510 in the district court, and he now argues that he was denied his right of confrontation by the closed hearing.

The appellant was not denied his right of confrontation because the informant was not a witness against the appellant. The informant's tip enabled Detective Shahan to begin an investigation, but the informant did not take part in either the robbery on Classen or the Broadway robbery for which the appellant was tried, and there was no indication that he or she could give any testimony relevant to the issues being tried. Compare *Hill v. State*, 589 P.2d 1073 (Okl. Cr.1979).

### II

■ The appellant also maintains that he was illegally detained after the victim of the Classen robbery failed to identify him. He claims that when Detective Shahan talked to him without giving him the *Miranda* warnings, the information he gave the detective constituted an illegally obtained confession, and that the subsequent lineup was illegal as a fruit of that confession.

But at the time of that interview Detective Shahan already had independent infor-

mation linking the appellant to the Broadway robbery. In his "confession" the appellant said he was not an active participant in the robbery. The informant and the other robber, on the other hand, had both said that he did take an active part. Because of their information, the detective was justified in holding the appellant and conducting another lineup.

## III

■ Finally, the appellant asserts that the trial court erred in refusing to give his requested instructions on the weakness of eyewitness testimony. This Court has discussed the same issue in previous cases. A cautionary instruction might be appropriate in a case where a witness could not make a firm identification or where there had been a previous failure to make an identification. Compare *Hall v. State*, 565 P.2d 57 (Okl.Cr. 1977).

The present case was not an appropriate one for such an instruction. The victim of the Broadway robbery had ample opportunity to view the robbers and he testified that he had seen the appellant in the store at other times.

The judgment and sentence is affirmed.

BUSSEY, J., concurs.

CORNISH, J., specially concurs.

CORNISH, Judge, specially concurring:

Robinson challenges the constitutionality of 12 O.S.1980, § 2510 of the evidence code which recognizes the "confidential informer's privilege." It is argued that the statute infringes on the appellant's rights under the Fifth, Sixth and Fourteenth Amendments.

The informer's privilege recognizes the necessity for citizens to supply law enforcement officers with information regarding the commission of crimes. In *McCray v. State of Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), the Supreme Court, quoting Professor Wigmore, stated:

A genuine privilege, on * * * fundamental principle * * *, must be recognized for the identity of persons supplying the government with information concerning the commission of crimes. Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.

'That the government has this privilege is well established, and its soundness cannot be questioned.' (Footnotes omitted.) 8 Wigmore, Evidence, § 2374 (McNaughton rev.1961).

The Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), enunciated the "confidential informer's privilege." The Supreme Court ruled that disclosure of the informant is required under certain circumstances. The Court expressly refused to set forth a fixed rule for the application of the privilege. Instead, the Court held that:

The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

A further limitation on the applicability of the privilege arises from the funda-

mental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information dismiss the action. Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause.

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

I conclude that the statute at bar, 12 O.S.1980, § 2510, is constitutional. The statute substantially parallels the guidelines set down in *Roviaro*.

In this case, the undisclosed informant provided probable cause for a warrantless arrest. The trial judge held an *in camera* hearing to determine the reliability of the informant. As a result of the *in camera* hearing the arrest was ruled valid. In *McCray v. State of Illinois*, supra, the Supreme Court held that disclosure of the identity of an informant was not constitutionally required where the informant merely provided information providing probable cause for a warrantless search. That *McCray* court held that there was no abridgement of the defendant's right of due process under the Fourteenth Amendment, or right of confrontation under the Sixth Amendment.

Confidential information supplied to a police officer by an informer, who is not a material witness to the issue of guilt or innocence, is admissible on the issue of probable cause. The name of the informant is not required to be revealed if the trial judge is satisfied that the information was received from a reliable source. See *Watson v. State*, 382 P.2d 449, 455 (Okl.Cr.1962). Title 12 O.S.1980, § 2510(C)(3) provides:

C. The following shall be exceptions to the privilege granted in this section:

.      .      .      .      .

3. If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the court or the defendant is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed. The court shall on request of the government, direct that the disclosure be made in camera. All counsel and parties concerned with the issue of legality shall be permitted to be present at every stage of proceedings under this subsection except a disclosure in camera, at which no counsel or party shall be permitted to be present. If disclosure of the identity of the informer is made in camera, the record thereof shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the government.

The determination of whether the informant's identity should be disclosed, rests with the sound discretion of the trial judge. The trial judge must balance law enforcement's interest in secrecy against the defendant's right to prepare a defense. The defendant's right of cross-examination and the right to call witnesses are not absolute. These constitutional rights may be outweighed by "the legitimate demands of the adversary system." *United States v. Noble*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The burden of proof is on the defendant to show a need for the disclosure.

At bar, Robinson made no showing that the informer would be helpful to his defense. The public interest in protecting the identity of the informer clearly outweighs Robinson's right of cross-examination. The trial judge properly exercised his discretion. I would affirm this conviction.