Douglas Walter CLONTS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. O-82-108.

Court of Criminal Appeals of Oklahoma.

April 28, 1982.

Pattie Palmer, Deputy Appellate Public Defender, Norman, for Clonts.

Larry D. Stuart, Dist. Atty., Pawhuska, for the State.

## ORDER FINDING APPELLATE PUBLIC DEFENDER IS WITHOUT AUTHORITY TO REPRESENT PETITIONER

On February 24, 1982, the Appellate Public Defender filed a Request for Determination of Jurisdiction in this Court, seeking to determine whether or not that office has authority to represent petitioner on appeal. This Court called for a response from the Attorney General and that response has been received.

Petitioner was convicted in Osage County District Court Case No. CRF–80–64, on three counts of Murder in the Second Degree. Judgment and sentence was imposed on September 28, 1981. On December 28, 1981, the Appellate Public Defender was appointed to represent petitioner on his appeal. That office discovered no motion for new trial had been filed in accordance with 22 O.S.1981, § 953, and returned the file to the district court clerk. On January 28, 1982, some four months after judgment and sentence was imposed, a motion for new trial was filed and overruled by the trial court. The file was returned to the Appellate Public Defender to represent petitioner on appeal. Thereafter, the Request was filed by the Appellate Public Defender to determine the authority for that office to represent petitioner.

NOW THEREFORE, after careful consideration of this matter, this Court finds that the purported appeal is not in a proper posture for the Appellate Public Defender to represent petitioner on appeal. In order for the Appellate Public Defender to have authority to represent an indigent on appeal, all of the jurisdictional requirements must be met for appeal in accordance with the Statutes and Rules of this Court. 22 O.S.1981, § 953 provides, in part:

> The application for a new trial must be made before judgment is entered; but the court or judge thereof may for good cause shown allow such application to be made at the time within thirty (30) days after the rendition of the judgment....

In *Bogue v. State*, 556 P.2d 272 (Okl.Cr. 1976), this Court held that the filing of a Motion for New Trial is a prerequisite to the invocation of this Court's appellate jurisdiction. Also, Rule 3.1(A) of the Rules of this Court provides that, [t]he appellant's petition in error must contain "... the date the motion for new trial was filed and the date it was overruled." Further, 22 O.S.

1981, § 1363, Laws 1980, ch. 207, § 9, provides, "[t]he appellate public defender [is] prohibited from accepting an appeal, unless trial counsel has filed all necessary documents [in order to perfect the appeal] or has pursued and been granted the authority for an appeal out of time on a defendant's behalf."

THEREFORE, it is the order of this Court that the Appellate Public Defender's Office is without authority to represent petitioner on his appeal from CRF–80–64, for the above stated reasons. However, this is without prejudice to petitioner's filing a post-conviction application for an appeal out of time.

WITNESS OUR SIGNATURES AND THE SEAL OF THIS COURT this 28th day of April, 1982.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.

TOM R. CORNISH, J.