**Marion E. JESSIE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–788.**

Court of Criminal Appeals of Oklahoma.

June 28, 1982.

Dietmar K. Caudle, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Marion E. Jessie, hereinafter referred to as the defendant, was convicted of Pandering, in Comanche County District Court, Case No. CRF–80–77, was sentenced to twenty (20) years' imprisonment plus a fine of one thousand dollars ($1,000.00) and appeals.

Defendant in his first assignment of error contends that there was insufficient evidence to convict him of Pandering. The evidence presented at trial shows that Edith Marie Vogan, a nineteen year old woman, met the defendant while she was visiting at the residence of a man named Monk, who she learned was a pimp. When the defendant discovered that Ms. Vogan was not working for Monk, he asked her to work for him as a prostitute in exchange for clothing and shelter. The defendant took Ms. Vogan to his residence where the defendant introduced Ms. Vogan to Anna Boe. Ms. Vogan had never been a prostitute before, so Anna Boe, at the defendant's request, taught Ms. Vogan how to be a prostitute. Anna Boe also told Ms. Vogan to go to a certain pink house across from the bus station and to have sexual relations with the men at that place. When Ms. Vogan made money as a prostitute, she gave the money

to Anna Boe who then gave the money to the defendant. Ms. Vogan stayed with Anna Boe and the defendant at the defendant's residence without charge. The defendant also supplied Ms. Vogan with food. After being arrested, Ms. Vogan unsuccessfully tried to run away from the defendant. She was arrested a second time but the charges were dismissed so she could go home.

It is the opinion of this Court that the State established a prima facie case of Pandering against the defendant. Furthermore, in spite of defendant's arguments to the contrary, the evidence clearly established that the defendant had induced and encouraged Ms. Vogan to become an inmate in a house of prostitution. See Judge Cornish's opinion on sufficiency of the evidence in a pandering case found in *Lambert v. State*, 609 P.2d 785 (Okl.Cr.App.1980).

█ Defendant in his second assignment of error asserts that certain testimony given at trial regarding his presence on the "strip" was prejudicial to him and resulted in reversible error. After examination of the testimony complained of, we are of the opinion that it does not constitute fundamental error. In addition, because of defendant's failure to specifically allege these matters in his motion for new trial, this Court will not further consider them. *Washington v. State*, 426 P.2d 372 (Okl.Cr. App.1967).

█ Defendant in his final assignment of error argues that imposition of the maximum sentence allowable under law was excessive and cruel and unusual punishment. Based on the facts and circumstances presented by this case, we do not find the sentence to be so excessive as to shock the conscience of this Court. See, *Gee v. State*, 538 P.2d 1102 (Okl.Cr.App.1975). Neither does this Court find the sentence to result in cruel and unusual punishment.

For the reasons herein stated, the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.