Bob R. BRYAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–82–84.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1985.

Rehearing Denied May 30, 1985.

William D. Graves, Oklahoma City, for appellant.

Donald L. Easter, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

It is unlawful for an officer of a bank to have any interest, directly or indirectly, in the proceeds of a loan made by the bank unless such loan is expressly authorized by the Oklahoma Banking Code or by rule of the Banking Board and is specifically approved by vote of two-thirds of all the directors of the bank, any interested director taking no part in such vote. 6 O.S. 1981, § 1405(A)(2).

In Oklahoma County District Court Case No. CRF–81–75, appellant, Bob R. Bryan was charged with violating the above statute With Intent to Defraud, which is a felony offense. The jury found him guilty of Unlawful Compensation to a Bank Officer Without Intent to Defraud, a lesser included misdemeanor offense, but was unable to agree on the punishment. Following a pre-sentencing investigation, the judge adjudicated appellant guilty and ordered him to pay a fine of Two Thousand Five Hundred Dollars ($2,500) and the cost of the action. From this judgment and sentence a timely appeal has been perfected. Notwithstanding the fact that no motion for a new trial was filed, we have examined the case on its merits and find nothing that warrants reversal or modification.

The information filed in this case stated that "the crime of unlawful compensation to a bank officer was feloniously committed ... contrary to the provisions of Section 1405(A)(2) of Title 6...." Appellant argues that the information labels the crime alleged using language from Section 1405(A)(1) while expressly charging him with violating Section 1405(A)(2). Appellant claims that this ambiguity handicapped his defense by making him defend against elements of an offense the State says it did not charge.

■ It is clear to this Court that the words "unlawful compensation" were taken from the title of the statute rather than from Section 1405(A)(1). The body of the information tracks Section 1405(A)(2). Furthermore, when this issue was raised at the preliminary hearing, the State confirmed the fact that violation of Section 1405(A)(2) alone was charged.

■ The appellant contends in his second assignment of error that his demurrer to the evidence should have been sustained as the State failed to prove all the elements of the crime charged. The State proved that appellant was an officer of the bank and that he had an interest in the proceeds of the loan. Appellant was the President and Chief Operating Officer of Crossroads Bank at the time the allegedly improper loan was made. The evidence showed that he had made a loan from his personal account which was to be repaid with the proceeds of a loan from the bank. The proceeds of the bank loan were in fact deposited into appellant's personal account.

The bank had seven directors. In order to prove that the loan admittedly made did not fall into the exception in the statute, the State produced two directors who testified that they did not approve the loan with knowledge of appellant's interest in it. Another director was absent from the board meeting at which the vote was taken, and appellant was ineligible to vote since he was the interested director. By accounting for four of the directors, the State proved that the loan could not have been approved by two-thirds of the directors. Proof of the other prong of the exception—that the

loan was expressly authorized by the Oklahoma Banking Code or by rule of the Banking Board—was thereby obviated.

■ Appellant also alleges that it was reversible error to allow the current president of Crossroads Bank to give expert testimony concerning three State's exhibits since the evidence had not been properly introduced. Even if the exhibits and testimony were improperly introduced, appellant was not prejudiced as he took the stand on his own behalf and admitted the very fact that the exhibits and testimony were used to prove: that appellant did in fact receive the proceeds of the loan. *See Dennis v. State,* 561 P.2d 88 (Okl.Cr.1977).

It is the opinion of this Court that the Judgment and Sentence herein should be, and hereby is, AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge, specially concurring.

This case should be dismissed and the mandate issued forthwith for the reason that no motion for new trial was ever filed. See, *McCullar v. State,* 509 P.2d 137 (Okl. Cr.1973).